651 A.2d 1117

**COMMONWEALTH of Pennsylvania**

**v.**

**Darren BIVENS, a/k/a Shannon R. Hamilton, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1994.

Filed Dec. 20, 1994.

110

Robert M. Maskrey, Stroudsburg, for appellant.

James P. Gregor, Dist. Atty., Stroudsburg, for Commonwealth, appellee.

Before POPOVICH, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

In this appeal, we are asked to determine whether it was proper for the trial court to consider a prior out-of-state conviction for simple possession of marijuana as an enhancement factor when imposing sentence for possession of a controlled substance, 35 P.S. § 780–113(a)(16). We conclude that the prior out-of-state conviction could not be considered as an enhancement factor under 35 P.S. § 780–113(b) or 35 P.S. § 780–115, and, therefore, the sentence imposed exceeds the statutorily authorized maximum. Accordingly, we vacate the judgment of sentence and remand this matter for resentencing.

Darren Bivens (Bivens), a/k/a Shannon R. Hamilton, appeals from the judgment of sentence imposed after he pled guilty to possession of a controlled substance (cocaine). Bivens previously had been convicted of possession of marijuana in Florida. The trial court, taking into account Bivens' prior Florida conviction, sentenced him to a term of imprisonment of 11½ to 23 months. Bivens filed a Motion to Reconsider and Modify Sentence. Following a hearing, the trial court denied Bivens' motion. Bivens now appeals.

Bivens argues that the court erred when it considered his prior Florida conviction as an enhancement factor in sentenc-

ing him for possession of cocaine. Bivens contends that the improper consideration of the prior conviction resulted in the imposition of a sentence that exceeds the statutorily authorized maximum.

Sentencing is a matter vested within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Martin*, 416 Pa.Super. 507, 611 A.2d 731 (1992). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Id.*

Pursuant to 35 P.S. § 780–113(b) of the Controlled Substance, Drug, Device and Cosmetic Act (the Act), persons convicted of simple possession of a controlled substance shall be sentenced to a term of imprisonment not exceeding one year. Clearly, Bivens' sentence exceeds one year. However, § 780–113(b) also provides that, "if the violation is committed after a prior conviction of such person *for a violation of this act under this section* has become final, such person shall be sentenced to imprisonment not exceeding three years...." (Emphasis added). Bivens asserts that, under § 780–113(b), only convictions for violations of the Act under § 780–113 may be considered for sentence-enhancement purposes. We agree. When construing a statute, we are guided by the principle that its words are to be given their plain meaning. 1 Pa.C.S. § 1903; *see also Commonwealth v. Neckerauer*, 421 Pa.Super. 255, 617 A.2d 1281 (1992). Moreover, penal statutes must be strictly construed in favor of the accused. 1 Pa.C.S. § 1928(b)(1); *see also Neckerauer.* In light of these principles, we conclude that Bivens' prior Florida conviction could not be used to enhance punishment under § 780–113(b) because it was not a conviction for a violation of § 780–113.

Nevertheless, the trial court justified Bivens' sentence on the basis of 35 P.S. § 780–115(a), which provides, in pertinent part:

(a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act *or of a similar offense* under any statute of the United

States or of any state, may be imprisoned for a term up to twice the term otherwise authorized.... [Emphasis added].

Section 13(a)(30) of the Act makes it illegal to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Bivens has never been convicted of violating § 13(a)(30). Thus, we must determine whether Bivens' prior Florida conviction for simple possession of marijuana is an offense "similar" to the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance under § 13(a)(30).

The Commonwealth contends that, because possession of a controlled substance necessarily is an included element of possession with intent to deliver, *Commonwealth v. Swavely,* 382 Pa.Super. 59, 554 A.2d 946 (1989), *appeal denied,* 524 Pa. 619, 571 A.2d 382 (1989), the crimes are "similar" for purposes of applying the enhancement provision. We reject this contention because, as previously stated, penal statutes must be strictly construed in favor of the accused, and the statute reads "similar," not "lesser included."

Further, the Commonwealth argues that the legislature clearly intended heightened punishment for repeat drug offenders. However, "[w]here certain things are specifically designated in a statute, all omissions should be understood as exclusions." *Commonwealth v. Reeb,* 406 Pa.Super. 28, 33, 593 A.2d 853, 855 (1991), *appeal denied,* 530 Pa. 665, 610 A.2d 45 (1992). Thus, the conclusion may be drawn that, had the legislature intended to enhance the punishment for persons previously convicted of mere possession of a controlled substance, possession would have been included among the offenses listed in § 780–115. Accordingly, we are unable to find that possession of a controlled substance, and the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance are "similar offenses" for purposes of applying the enhancement provision of § 780–115. As a result, we conclude that the trial court improperly considered Bivens' prior Florida conviction as an enhancement factor.

Based upon the foregoing, we vacate the judgment of sentence and remand this matter for resentencing.

Judgment of Sentence VACATED.

Case REMANDED for resentencing.

POPOVICH, J., concurs in the result.