**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 38 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court dated January 9, 2018 at No. |
| | : | 1411 EDA 2017 affirming the |
| v. | : | Judgment of Sentence of the Court of |
| | : | Common Pleas of Chester County, |
| | : | Criminal Division, dated March 28, |
| MARKEASE GILBERT COUSINS, | : | 2017 at Nos. CP-15-CR-1915-2009 |
| | : | and CP-15-CR-3014-2016 |
| Appellant | : | |
| | : | ARGUED: March 5, 2019 |


**OPINION**


**JUSTICE TODD**                                                **DECIDED:  July 17, 2019**

In this appeal by allowance, we consider whether the Superior Court erred in affirming the trial court's application of the enhanced sentencing provision in Section 780-113(b) of the Controlled Substance, Drug, Device and Cosmetic Act ("Act"), 35 P.S. §§ 780-101 *et seq.*  For the reasons that follow, we conclude the Superior Court's decision was correct, and, thus, we affirm its order.

As the instant matter concerns the interpretation of the Act, in particular Section 780-113(b), it is helpful first to set forth the following provisions:

> **§ 780-113.  Prohibited acts; penalties**
>
>   (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> * * *

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

* * *

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

* * *

(b) Any person who violates any of the provisions of clauses (1) through (11), (13) and (15) through (20) or (37) of subsection (a) shall be guilty of a misdemeanor, and except for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both, and for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding five thousand dollars ($5,000), or both; **but, if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not**

**exceeding three years or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both.**

35 P.S. § 780-113(a)-(b) (emphasis added). Relevant to the instant case, the language emphasized above allows for an increased maximum sentence of three years imprisonment under certain circumstances.

Turning to the facts of this case, on July 21, 2016, Appellant Markease Cousins was arrested on an active bench warrant. A search incident to arrest revealed that Appellant had in his possession 1.75 grams of cocaine. As a result, Appellant was charged with, and convicted of, possession of a controlled substance, 35 P.S. § 780-113(a)(16). As the conviction constituted a violation of Appellant's probation for a prior conviction for conspiracy to commit burglary, on March 28, 2017, the trial court sentenced Appellant to a term of one to five years incarceration for violating his probation. With regard to Appellant's new conviction for possession of a controlled substance, the trial court imposed an additional sentence of one to three years incarceration based on the pre-sentence report which indicated Appellant had previously been convicted of possession of a small amount of marijuana and possession of drug paraphernalia, 35 P.S. § 780-113(a)(31) & (a)(32). Specifically, the trial court applied the enhanced sentencing provision of 35 P.S. § 780-113(b), which, as noted above, provides "if the violation is committed after a prior conviction of such person for a violation of this act under this section has become final, such person shall be sentenced to imprisonment not exceeding three years . . . ." *Id.* § 780-113(b).

Appellant appealed his judgment of sentence to the Superior Court, which affirmed in a unanimous, unpublished memorandum opinion. *Commonwealth v. Cousins*, 1411 EDA 2017 (Pa. Super. filed Jan. 9, 2018). On appeal, Appellant claimed that the maximum sentence for possession of a controlled substance is one year; that the enhanced sentencing provision of 35 P.S. § 780-113(b) does not apply to him; and,

therefore, that his sentence is illegal. Specifically, Appellant argued that his prior convictions do not constitute violations "of this act under this section" because his prior convictions are not included in the clauses specifically identified in 35 P.S. § 780-113(b). Appellant further asserted that, while 35 P.S. § 780-113(b) technically is a subsection, the terms "section" and "subsection" are often used interchangeably in common parlance and throughout other provisions of the Act. As a result, Appellant contended there is an ambiguity in the phrase "a violation of this act under this section," and, in accordance with the rule of lenity, its meaning must be strictly construed in his favor. The Superior Court rejected Appellant's claims, relying on, *inter alia,* its prior decision in *Commonwealth v. Pitner*, 928 A.2d 1104, 1112 (Pa. Super. 2007) (holding 35 P.S. § 780-113(b) is not ambiguous and rejecting the appellant's argument that the enhanced penalty applies only to defendants who committed offenses specifically enumerated therein).

Appellant filed a petition for allowance of appeal, and this Court granted review to consider the following issue, as framed by Appellant:

> Whether the Superior Court erred in holding that the legal maximum sentence under 35 P.S. § 780-113(b) of the Controlled Substance, Drug, Device and Cosmetic Act is three years of incarceration when an individual has prior convictions for possession of paraphernalia, 35 P.S. § 780-113(a)(32), and possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31).

*Commonwealth v. Cousins*, 190 A.3d 582 (Pa. 2018) (order).

Before us, Appellant renews his argument that his prior convictions under 35 P.S. § 780-113(a)(31) and (32) cannot serve as the basis for an enhanced sentence under 35 P.S. § 780-113(b) because the reference in 35 P.S. § 780-113(b) to "a violation of this act under this section" applies only to those offenses specifically set forth in 35 P.S. § 780-113(b). Initially, Appellant acknowledges that, while the term "section" is not defined in the Act, there appears to be a "general vocabulary scheme" in which 35 P.S. § 780-113

constitutes a *section*; 35 P.S. § 780-113(a) and (b) constitute *subsections*; and 35 P.S. § 780-113(a)(1) through (40) constitute *clauses*. Appellant's Brief at 12.

Appellant further recognizes that the legislature occasionally uses the term "section" as shorthand for a specific subsection or clause. *See, e.g.*, 35 P.S. 780-113(a)(37) ("The possession by any person, other than a registrant, of more than thirty doses labeled as a dispensed prescription or more than three trade packages of any anabolic steroids listed in section 4(3)(vii)."). He contends the phrase "section 4(3)(vii)" therein refers to 35 P.S. § 780-104(3)(vii). Appellant's Brief at 14.

However, Appellant maintains that the terms "section," "subsection," and "clause" are not used in a consistent manner throughout 35 P.S. § 780-113. For example, he points to 35 P.S. § 780-113(a)(31), which provides, "[f]or purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana." According to Appellant, 35 P.S. § 780-113(a)(31) is a clause, but is incorrectly referred to as a subsection. Similarly, Appellant observes that, while 35 P.S. § 780-113(n), (o), and (p) provide that any person who violates subsections (a)(12), (14), (16), (30), and (34) with respect to certain chemicals shall be guilty of a felony, the enumerated offenses are clauses, as opposed to subsections.

Finally, Appellant notes that 35 P.S. § 780-113(a)(36) prohibits:

> The knowing or intentional manufacture, distribution, possession with intent to distribute, or possession of a designer drug. Nothing in this **section** shall be construed to apply to a person who manufactures or distributes a substance in conformance with the provisions of an approved new drug application . . . . For purposes of this **section**, no new drug shall be introduced . . . .

*Id.* § 780-113(a)(36) (emphasis added). According to Appellant, the legislature incorrectly used the term "section" to refer to a specific clause − § 780-113(a)(36).

Based on these alleged inconsistencies, Appellant maintains that the phrase "a violation of this act under this section," as contained in 35 P.S. § 780-113(b), is ambiguous, as it may be interpreted in two different ways: (1) as referring to violations under 35 P.S. § 780-113 generally; or (2) as referring to only those violations enumerated in 35 P.S. § 780-113(b). Appellant reiterates that, where there exists an ambiguity, the rule of lenity requires a narrow construction in his favor. Noting that one of the dictionary definitions of the term "section" is "[a] part that is cut off or separated," Appellant contends "[i]t would be consistent with the common meaning of 'section' to interpret the phrase 'this section' to refer to the language of subsection 780-113(b) itself since subsection 780-113(b) is its own paragraph that is separate from the other provisions of 780-113." Appellant's Brief at 15 (citing https://www.dictionary.com/browse/section).

Moreover, Appellant suggests that the Superior Court's reliance on its decision in *Pitner* was misplaced, as the *Pitner* court did not specifically address the meaning of the phrase "under this section." Appellant further notes that "the Superior Court also addressed an issue arising under section 780-113(b) in *Commonwealth v. Bivens*, [651 A.2d 117 (Pa. Super. 1994)]," but he attempts to distinguish *Bivens* by suggesting that, while the court therein stated that "this section" refers to 35 P.S. § 780-113 as a whole, it did not specifically determine the meaning of "this section," as the issue was not dispositive to its holding. Appellant's Brief at 17-18.[1] Finally, Appellant asserts that the Commonwealth's reliance on *Commonwealth v. Lane*, 345 A.2d 233 (Pa. Super. 1975), in its brief to the Superior Court, is misplaced because the court in *Lane* did not address the meaning of "this section," but instead determined whether an individual, who did not have any prior convictions, was subject to an enhanced sentence where he was found

---

[1] Although initially unclear, Appellant's reference to the Superior Court necessarily is to the *Bivens* court, as the Superior Court below did not mention *Bivens*.

guilty of two counts of possession and was being sentenced on both counts at the same time.

In response to Appellant's arguments, the Commonwealth maintains that the lower courts properly determined that the phrase "a violation of this act under this section," as contained in 35 P.S. § 780-113(b), clearly refers to 35 P.S. § 780-113 in its entirety, and is not limited to those offenses specifically identified in 35 P.S. § 780-113(b), which is a subsection of 35 P.S. § 780-113. In support of its position, the Commonwealth sets forth numerous instances in 35 P.S. § 780-113 wherein the legislature specifically utilized the term "section" to refer to 35 P.S. § 780-113 as a whole, the term "subsection" to refer to 35 P.S. § 780-113(a), (b), and so forth; and the term "clause" to refer to a specific provision of a subsection.

Additionally, with regard to the particular provisions highlighted by Appellant, the Commonwealth asserts that, "[w]hen these areas are examined, it is clear that the Legislature was merely, and consistently, using shorthand when discussing a different Section, Subsection, or Clause." Commonwealth's Brief at 21. Specifically, with respect to the phrase "for purposes of this subsection" contained in 35 P.S. § 780-113(a)(31), the Commonwealth submits that the legislature is, in fact, referring to 35 P.S. § 780-113(a), not only to 35 P.S. § 780-113(a)(31). With respect to 35 P.S. § 780-113(n), (o), and (p), and their reference to "subsections" (a)(12), (14), (16), (30), and (34), the Commonwealth suggests that the legislature simply is referring to the highest level of the statute − subsection (a) − rather than writing out "subsection (a), clause (12)." Finally, the Commonwealth contends that the legislature, in referring to "this section" in 35 P.S. § 780-113(a)(36), intended to refer to 35 P.S. § 780-113 in its entirety, not only § 780-113(a)(36).

The instant case presents an issue of statutory construction, which is a pure question of law. Thus, our standard of review is *de novo*, and our scope of review is plenary. *Scungio Borst & Assoc. v. 410 Shurs Lane Developers, LLC*, 146 A.3d 232, 238 (Pa. 2016). Additionally,

> [i]t is well-settled that the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly and that the plain language of the statute is generally the best indicator of such intent. 1 Pa.C.S. § 1921(a), (b). When ascertaining the intent of the General Assembly, there is a presumption that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1). Furthermore, the words of a statute shall be construed according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a). Every statute shall be construed, if possible, to give effect to all its provisions. 1 Pa.C.S. § 1921(a). We will only look beyond the plain meaning of the statute where the words of the statute are unclear or ambiguous. 1 Pa.C.S. § 1921(c).

*Commonwealth v. Ramos,* 83 A.3d 86, 90-91 (Pa. 2013) (quoting *Commonwealth v. Zortman,* 23 A.3d 519, 525 (Pa. 2011)). Under the rule of lenity, when a penal statute is ambiguous, it must be strictly construed in favor of the defendant. *Commonwealth v. Booth*, 766 A.2d 843, 846 (Pa. 2001).

Appellant correctly observes that the term "section" is not specifically defined in the Act. Neither are the terms "subsection" or "clause" defined in the Act. Nevertheless, upon review of the Act, we conclude that 35 P.S. § 780-113(b) is not ambiguous. Indeed, in referring to a "violation of this act under this section," the legislature clearly evidenced an intent that any violation under the entirety of 35 P.S. § 780-113, and not only those violations specified in § 780-113(b), would support an enhanced sentence. As explained above, Section 780-113(b) provides:

> Any person who violates any of the provisions of *clauses* (1) through (11), (13) and (15) through (20) or (37) of *subsection*

(a) shall be guilty of a misdemeanor . . . and except for *clauses* (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding five thousand dollars ($5,000), or both; but, if the violation is committed after a prior conviction of such person for *a violation of this act under this section* has become final, such person shall be sentenced to imprisonment not exceeding three years . . . .

35 P.S. § 780-113(b) (emphasis added).

The legislature used the term "subsection" to refer to § 780-113(a), and the term "clause" to identify specific numbered provisions of § 780-113(a).  Had the legislature intended the sentencing enhancement to apply only to the offenses specifically listed in § 780-113(b), it would have used the phrase "subsection (b)" or "this subsection" instead of "this section."   Moreover, under the hierarchy of sectional terms, the legislature's use of "this section" in conjunction with "this act," which contains 51 sections, supports an interpretation that "section" refers to 35 P.S. § 780-113 as a whole, rather than § 780-113(b) specifically.  Indeed, based on our reading, the legislature consistently used the terms "section," "subsection," and "clause"  throughout 35 P.S. § 780-113.

While Appellant offers several examples of provisions which he claims illustrate the legislature's inconsistent use of the terms "section" and "subsection," *see* 35 P.S. § 780-113(a)(31), 35 P.S. § 780-113(n), (o), and (p), and 35 P.S. § 780-113(a)(36), on its face, the language of those provisions, as noted by the Commonwealth, is clear and unambiguous.  Indeed, in order to support Appellant's claim that these provisions demonstrate the legislature's inconsistent use of the terms "section" and "subsection," we would have to interpret them contrary to their plain language.  Appellant, however, offers no support for his non-textual interpretation of those provisions.

For these reasons, we hold that the phrase "a violation of this act under this section," as contained in 35 P.S. § 780-113(b), is not ambiguous.  Further, based on the plain language of 35 P.S. § 780-113(b), Appellant's prior convictions under 35 P.S. § 780-

113(a)(31) and (32) were properly used to enhance his maximum sentence under § 780-113(b).  Accordingly, the Superior Court's order is affirmed.

Chief Justice Saylor and Justices Baer, Donohue, Dougherty, Wecht and Mundy join the opinion.