J-S35014-22 & J-S35015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MITCHELL EDWARD PEDRO | : | |
| | : | |
| Appellant | : | No. 1680 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 2, 2021
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000063-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MITCHELL EDWARD PEDRO | : | |
| | : | |
| Appellant | : | No. 1685 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 2, 2021
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s): CP-57-CR-0000026-2019

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED: MARCH 7, 2023**

Mitchell Edward Pedro appeals from the judgment of sentence of 27 to

72 months of incarceration entered following his convictions for three counts

---

[*] Former Justice specially assigned to the Superior Court.

of home improvement fraud.[1]  We affirm but remand for entry of a corrected judgment of sentence order imposing the recidivism risk reduction incentive ("RRRI") minimum sentence as required by law.

The following facts pertain to the charges filed at docket CP-57-CR-0000063-2019.  Appellant was the owner of Mitchell E. Pedro Carpentry.  In July of 2018, Irene Sigler, a 73-year-old woman, responded to an advertisement in the Sullivan Review newspaper promoting Appellant's business.  Ms. Sigler owned a vacation cabin in Sullivan County that required roof repairs.  She and her husband informed Appellant that the job needed to be completed promptly as they expected company in a few weeks.  Appellant wrote a proposal, which subsequently became the parties' contract, and specifically promised that the work would be done within two weeks.  On July 29, 2018, Ms. Sigler wrote Appellant a check for the quoted figure of $2,773.50, which Appellant cashed the next day.

As of August 29, 2018, Appellant had not returned to the Siglers' cabin and ignored their communications.  Ms. Sigler eventually emailed Appellant, informing him that they no longer wanted his services and requested a refund.

_____

[1] Appellant was convicted of one count of home improvement fraud at docket CP-57-CR-0000026-2019, and two counts of home improvement fraud at docket CP-57-CR-0000063-2019.  We have *sua sponte* consolidated the appeals as the issues presented are identical.  **See** Pa.R.A.P. 513.

Additionally, Appellant purports to appeal from the trial court's orders denying his post-sentence motions.  However, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super 2001) (*en banc*) (citation omitted).  We have amended the captions accordingly.

Appellant did not respond to the email. Instead, he visited the Siglers' cabin the next day and dropped off a man named Eddie to do work. When the Siglers confronted Appellant, he claimed that the repairs had already been done and that Eddie needed an hour to finish the work. Appellant did not answer the Siglers' inquiries regarding when the work had been done. Eddie tore a hole in the ceiling but stopped work shortly thereafter and drank beer on their porch.

That evening, Appellant called the Siglers and informed them that he had purchased drywall that he wished to store at the cabin. The Siglers reluctantly agreed since Appellant still had their money but instructed Appellant not to install the drywall until they confirmed that the roof was fixed. Four days later, following a rainfall, the Siglers visited their cabin and observed leaks. They contacted Appellant and asked him to visit the property. He did not show. On September 7, 2018, the Siglers again demanded a refund. Appellant called at approximately 8 p.m. and offered to meet in person to discuss the matter, which the Siglers declined due to the late hour. Appellant abruptly ended the conversation.

The Siglers then sent Appellant a demand letter via certified mail to the address listed on the contract, which was returned as undeliverable. The Siglers had no further contact with Appellant and did not receive a refund. They then hired another contractor to complete the repairs.

The Commonwealth charged Appellant with two counts of home improvement fraud. At count one, the Commonwealth charged Appellant with

violating 73 P.S. § 517.8(a)(2), and at count two, it charged a violation of 73

P.S. § 517.8(a)(8). Those crimes read as follows:

> **(a) Offense defined.--**A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> . . . .
> (2) receives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date;
>
> . . . .
> (8) directly or indirectly publishes a false or deceptive advertisement in violation of State law governing advertising about home improvement.

73 P.S. § 517.8.

Regarding count two, the Home Improvement Consumer Protection Act

("HICPA"), 73 P.S. §§ 517.1-517.19, requires contractors performing home

improvement services[2] to register with the Bureau of Consumer Protection

("Bureau"), a division of the Office of Attorney General of Pennsylvania. 73

P.S. § 517.3(a). The Bureau then issues a registration certificate, which

includes a unique registration number. Renewals are required every two

---

[2] The terms "contractor" and "home improvement" are separately defined. There is no dispute that Appellant was a contractor performing home improvement services as defined.

years. A contractor is required to include the registration number in any advertisement distributed within the Commonwealth. 73 P.S. § 517.6. Appellant registered with the Bureau in August of 2011. That registration expired on August 11, 2013, and he failed to renew it.[3] Thus, the advertisements he placed in the newspaper, which included his registration number, falsely conveyed that he was validly registered with the Bureau.

The following facts pertain to the charges filed at docket CP-57-CR-0000026-2019. James Bausher, seventy-one-years old, and his wife, Bonnie, who was sixty-nine-years old, also owned a vacation home in Sullivan County that required roofing repairs. The Baushers saw Appellant's ad in the Sullivan Times and responded. Appellant visited the property in their absence and wrote up a proposal.

On June 27, 2018, Mr. Bausher wrote a check for $3,450, the amount requested by Appellant as a down payment. Appellant did not arrange a schedule with the Baushers as planned, prompting Mr. Bausher to call Appellant on July 9, 2018. Mr. Bausher asked Appellant if he had received the check; Appellant stated he had not. Mr. Bausher told Appellant he would check with his bank to determine if it had been cashed, but Appellant advised him not to do so. Mr. Bausher visited his bank and learned that Appellant had

_____

[3] Appellant renewed the registration in February of 2019, but his registration was deactivated in August of 2019, after an audit revealed Appellant's insurance had lapsed. Appellant was given an opportunity to update his information, but he failed to do so.

- 5 -

endorsed and cashed the check on June 29, 2018. When confronted, Appellant claimed he mistook the down payment for another client. Appellant promised to begin work the week of July 16, but failed to appear onsite. Mr. Bausher called Appellant during this time period to ask when work would begin but Appellant would not give a definitive answer.

Finally, on August 14, 2018, Mr. Bausher told Appellant that if he failed to start work by August 31, he would take steps to get his money back. Appellant showed up on August 31 and unloaded tarps at the property. He claimed, however, that he would not be able to start work as he had trouble finding workers to assist. Eventually, Mr. Bausher sent a demand letter via certified mail, which was received and signed for by a woman named Marla. Appellant did not return the money, nor did he ever start the work. The Commonwealth charged Appellant with four counts, including, at count four, a violation of 73 P.S. § 517.8(a)(8).

The Commonwealth consolidated the two dockets, and the parties proceeded to a jury trial on August 23, 2021. At docket CP-57-CR-0000063-2019, the jury found Appellant guilty of both counts of home improvement fraud. At CP-57-CR-0000026-2019, the jury convicted Appellant of count four and acquitted him of the other three counts.

On November 2, 2021, the trial court sentenced Appellant to 9 to 24 months of incarceration at each of the three counts, set consecutively to each other for the aggregate sentence of 27 to 72 months of incarceration.

Appellant filed a timely post-sentence motion, which was denied on November 22, 2021.[4]  Appellant timely appealed[5] and filed a Pa.R.A.P. 1925(b) statement.  The trial court filed its responsive Rule 1925(a) opinion, and we now address the issues presented:

> 1.     Did the Trial Court err in denying the Post Sentence Motion when HICPA states no Criminal penalty for failing to register as set forth in 73 P.S. § 517.8, Home Improvement Fraud, being specified by the Legislature Regarding advertising an alleged expired registration number when no notice is provided that criminal penalties attach to the conduct alleged to have been done by Appellant in violation of due process to convict Appellant, the Trial Court had no jurisdiction for a criminal matter that could have

_____

[4] The post-sentence motion was docketed on November 15, 2021.  **See** Pa.R.Crim.P. 720 (post-sentence motion must be filed within ten days after sentence).  Because an untimely post-sentence motion does not toll the appeal period, this Court issued a rule to show cause why the appeal should not be quashed as untimely, given that Appellant did not file his notice of appeal until December 17, 2021. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*) ("[W]here the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence.").  Appellant's response included a copy of his post-sentence motion, establishing that it was electronically filed and accepted on Friday, November 12, 2021.  Appellant noted that per Pa.R.Crim.P. 576.1(E)(5), a filing should be docketed on the day it was electronically submitted.  The Court discharged the rule to show cause and deferred the issue to this panel.  We agree that the post-sentence motion was timely filed, thereby tolling the thirty-day appeal period.  Therefore, this appeal is timely.

[5] Appellant filed six notices of appeal on December 17, 2021, docketed at 1680 MDA 2021, 1681 MDA 2021, 1682 MDA 2021, 1683 MDA 2021, 1684 MDA 2021, 1685 MDA 2021, 1686 MDA 2021, and 1687 MDA 2021.

The appeals at 1681 through 1684 were quashed by this Court as duplicative of the 1680 MDA 2021 appellate docket.  The 1685 MDA 2021 docket pertains to CP-57-CR-0000026-2019 and remains active.  The 1686 and 1687 dockets were quashed by this Court as duplicative of 1685 MDA 2021.  As previously stated, we have consolidated the two active dockets.

been resolved by civil remedies and the verdict is so contrary to the evidence it shocks one's sense of justice.

2. Did the Trial Court err in denying the Motion to Dismiss at Trial of August 23, 2021 even though HICPA states no Criminal penalty for failing to register as set forth in 73 P.S. § 517.8, Home Improvement Fraud, being specified by the Legislature Regarding advertising an alleged expired registration number when no notice is provided that criminal penalties attach to the conduct alleged to have been done by Appellant in violation of due process to convict Appellant.

3. Did the Trial Court err in denying the Motion for Leave to File Petition for Habeas Corpus of March 23, 2021 by the Order of April 20, 2021 even though Appellant was represented by his third attorney and provided cause for the delay in the filing pursuant to PA.R.Crim. P. 579 which amounted to a break down in the legal process and the interests of the justice required the meritorious Petition for Habeas Corpus be heard by the Trial Court.

4. Did the Trial Court err in denying the Appellant's request for bail pending appeal at the time of Sentencing by failing to state on the record the reasons for his decision of denial of bail at the time of sentencing or after written request in the Post Sentence Motion pursuant to Pa.R.Crim.P. 521(C).

5. Did the Trial Court err and abuse its discretion by denying the Appellant's objection to Commonwealth Exhibit 11 and denying the Appellant's requested jury instruction defining the term fraud which effected the outcome of the Trial.

6. Did the Trial Court err and abuse its discretion by sentencing the Appellant to an F2 when the charge was listed as an F3 in the Criminal Information, failing to award appropriate time credit and sentencing Appellant to an unduly harsh sentence consecutive to his other case when he had a prior record score of "0".

Appellant's Brief at 1680 MDA 2021 at 5-7 (verbatim) reordered for ease of disposition).[6]

Appellant's first issue involves the sufficiency of the evidence. Our standard of review is well-settled. "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth[.]" ***Commonwealth v. McCollum***, 926 A.2d 527, 530 (Pa. Super. 2007) (quoting ***Commonwealth v. Earnest***, 563 A.2d 158, 159 (Pa. Super. 1989)).

The Commonwealth maintains that Appellant has waived this issue as he failed to challenge any element in the concise statement of errors complained of on appeal. This Court has repeatedly held that, to preserve a claim attacking the sufficiency of evidence on appeal, the Rule 1925(b) statement "needs to specify the element or elements upon which the evidence was insufficient." ***Commonwealth v. Arnold***, 284 A.3d 1262, 1279 (Pa. Super. 2022) (quoting ***Commonwealth v. Tyack,*** 128 A.3d 254, 260 (Pa. Super. 2015)). Similarly, a statement that "is too vague can result in waiver of issues on appeal." ***Id.*** (citation omitted). Appellant's concise statement identified his first issue as follows:

> Whether the Trial Court erred by Denying the Post Sentence Motion of November 12, 2021 including the Motion for Judgment

---

[6] We reiterate that the issues raised in the 1685 MDA 2021 appeal are substantively identical.

of Acquittal based upon the insufficiency facts in the law, Motion for Arrest of Judgment based upon HICPA not criminalizing the conduct alleged to have been done by the Defendant in the charging documents and at trial therefore the Court did not have jurisdiction for a criminal prosecution of this matter which could have been resolved by civil remedies, Motion for New Trial based upon jury's verdict is so contrary to the evidence that it shocks one's sense of justice and that a new trial is imperative so that Mr. Pedro may given another opportunity to prevail, Motion to Modify Sentence based upon improper and/or unduly harsh sentence including failing to include proper time credit, running all sentences consecutively instead of concurrently, sentencing the Defendant outside the eligibility of Boot Camp when he had a prior record score of "0" and would be otherwise eligible for Boot Camp and denying Mr. Pedro bail pending Appeal pursuant to Pa. R. Crim. P. 521(B).

Concise Statement, 1/28/22, at unnumbered 3 (verbatim).

The Commonwealth characterizes this as a "lengthy and, frankly, confusing statement" that failed to "put the trial court on notice of the specific sufficiency argument Appellant makes on appeal." Commonwealth's Brief at 16. We agree that Appellant failed to preserve his present argument. Appellant's confusing concise statement has little relation to Appellant's current argument, which focuses on a phrase within Section 517.8(a)(8). That crime reads:

> **(a)** **Offense defined.--**A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
> (8) directly or indirectly publishes a false or deceptive advertisement **in violation of State law governing advertising** about home improvement.

73 P.S. § 517.8 (emphasis added).

While his argument is undeveloped, it appears that the gravamen of Appellant's argument is that Section 517.9 supplies the exclusive 'State law governing advertising about home improvement' for purposes of establishing a violation of Section 517.8(a)(8).  Section 517.9, entitled "Prohibited acts," states in pertinent part:

No person shall:

....

(8) Advertise or offer, by any means, to perform a home improvement if the person does not intend to do any of the following:

(i) Accept a home improvement contract.

(ii) Perform the home improvement.

(iii) Charge for the home improvement at the price advertised or offered.

73 P.S. § 517.9.

We agree with the Commonwealth that the prolix concise statement failed to alert the trial court of that specific argument.  We therefore find that Appellant has waived his claim.

We additionally determine that, even if the statement preserved his sufficiency challenge, the claim is waived for deficient presentation.  "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (quoting *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007)).  To begin, Appellant's statement is internally inconsistent as its requested relief is for a

new trial. However, a successful sufficiency challenge results in discharge. *See Commonwealth v. Yanoff*, 690 A.2d 260, 263 (Pa. Super. 1997). Additionally, Appellant does not separately contest his conviction for violating 73 P.S. § 517.8(a)(2). His requested remedy is a new trial on the grounds the verdict "is shock to justice [*sic*] the Appellant would be found guilty of the HICPA [v]iolations." Appellant's Brief at 20. The plural suggests that Appellant seeks a new trial on all counts, not just the Section (a)(8) violations. This conclusion is bolstered by the fact that Appellant references his motion for a writ of *habeas corpus*, which requested dismissal of all charges, in part because "the basis for the fraud is the use of the allegedly expired contractor registration number," and "it is a violation of due process to pursue criminal charges." *See* Brief in Support of Motion for *Habeas Corpus*, 3/22/21, at unnumbered 3.

Even if we were to limit our focus to the Section (a)(8) convictions, Appellant's argument offers no focused examination of the statutory language 'State law governing advertising about improvement.' Ascertaining legislative intent presents a pure question of law. *See Commonwealth v. Gamby*, 283 A.3d 298 (Pa. 2022) (determining that the neck qualified as "sexual or other intimate parts" for indecent assault and the evidence was therefore sufficient to convict). The phrase 'governed by State law' is undefined, thus we would need to determine the plain meaning of that language. *Id.* at 304. In lieu of an argument focused on what the General Assembly intended by employing the phrase 'governed by State law,' Appellant seems to argue that Section

517.9(a)(8) establishes the sole basis by which the Commonwealth can sanction an individual for what may generically be referred to as 'false advertising.' But, of course, the Commonwealth did not allege that Appellant's false advertising satisfied any of the Section 517.9(a)(8)(i)-(iii) conditions, none of which involve fraud. Instead, it charged Appellant with intending to defraud the victims pursuant to Sections 517.8(a)(2) and (8).

We add that Appellant's reply brief argues that we must read the language in the light most favorable to him, which is the rule of lenity. Appellant's Reply Brief at 3 (arguing that the Commonwealth "may not argue [l]egislative [i]intent contrary to the plain meaning of the language" and that the language "must be interpreted in the light most favorable to the [a]ppellant"). However, that rule only applies when a penal statute is ambiguous. "Under the rule of lenity, when a penal statute is ambiguous, it must be strictly construed in favor of the defendant." *Commonwealth v. Cousins*, 212 A.3d 34, 39 (Pa. 2019) (citation omitted). Appellant does not claim that the statutory language is ambiguous.

In sum, Appellant's argument is confusing and impedes appellate review. He offers no analysis of the key statutory phrase 'governing advertising about home improvement.' Nor is it even clear that Appellant is solely attacking his convictions for those counts, as portions of his argument seem to suggest that the Commonwealth could not prosecute Appellant for any criminal act. In addition to the quoted *habeas corpus* request for relief, Appellant makes the entirely unexplained assertion that the trial court "had

no jurisdiction for a criminal matter that could have been resolved by civil remedies[.]" Appellant's Brief at 5. All of these defects impede our ability to address Appellant's claim. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). Appellant's failure to develop a coherent argument mandates waiver of this issue.

Appellant's reordered second issue is a repackaging of the foregoing argument. After the Commonwealth rested its case, Appellant requested that the court grant a judgment of acquittal. As with the first claim, we will not develop Appellant's argument, and we deem it waived for the same reasons.

Appellant's reordered third point of error involves Appellant's request for leave to file a petition for a writ of *habeas corpus* seeking dismissal of the charges. The trial court declined to consider the motion based on Rule 579, which specifies that pre-trial motions for relief shall be filed "within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A). Appellant filed the motion for leave on March 22, 2021. The trial court's opinion noted that Appellant

was charged at several dockets[7] and that the last arraignment occurred on October 25, 2019.

Appellant submits that the trial court abused its discretion in failing to find cause to excuse the late filing. His primary argument is that his prior attorneys failed to file the motion in a timely manner for various reasons, including defending a homicide trial, moving offices, and having COVID. *See* Appellant's Brief at 21-22.

We agree with the Commonwealth that this issue is moot. *See* Commonwealth's Brief at 22-23. If the Commonwealth proves the offense beyond a reasonable doubt, "any defects at a preliminary hearing regarding the sufficiency of the evidence are considered harmless." *Commonwealth v. Wilson*, 172 A.3d 605, 610 (Pa. Super. 2017) (quotation marks and citation omitted). The "conviction at trial precludes this Court from reviewing his pretrial *habeas* issues." *Id.* Moreover, Appellant simply states that the trial court abused its discretion in accepting the untimely filing but does not discuss what remedy would attach. At best, we would decide the issue as if timely filed, but that simply returns us to the conclusion that the subsequent guilty verdicts obviated the need to address those claims.

---

[7] Appellant was charged at five total dockets. In addition to the two dockets at issue in this consolidated appeal, two of the dockets were dismissed at trial. The trial court granted dismissal of the fifth pursuant to Pa.R.Crim.P. 586, which permits parties in cases not involving violence to reach an agreement. Presumably, Appellant returned whatever sum was involved.

Appellant's reordered fourth issue challenges the trial court's order denying bail pending appeal, as raised in his post-sentence motion. The Commonwealth argues that, per Rule of Appellate Procedure 1762, an appeal of a trial court's decision pertaining to bail following sentencing cannot be raised on direct appeal from the judgment of sentence. That Rule states:

> **(a) Bail when an appeal is pending**--Applications relating to bail when an appeal is pending shall ordinarily first be presented to the trial court and shall be governed by the Pennsylvania Rules of Criminal Procedure. If the trial court denies relief, a party may seek relief in the appellate court by filing an application, pursuant to Pa.R.A.P. 123, ancillary to the pending appeal.
>
> **(b) Bail when no appeal is pending.**--Applications relating to bail when no appeal is pending:
>
> > (1) Applications relating to bail when no appeal is pending shall first be presented to the trial court and shall be governed by the Pennsylvania Rules of Criminal Procedure.
> >
> > (2) An order relating to bail shall be subject to review pursuant to Chapter 16.

Pa.R.A.P. 1762.

Appellant sought bail after sentencing, which was denied, and then included another application for bail in a post-sentence motion as opposed to filing a separate application for bail pending the outcome of the motion. *See Comment*, Pa.R.Crim.P. 720 ("For bail proceedings pending the outcome of the post-sentence motion, see Rules 521 and 523."). Because the bail application preceded the pendency of his appeal, Rule 1762(b)(1) applies. Appellant did not follow the procedures for seeking appellate review of that order pursuant to Chapter 16 of the Rules of Appellate Procedure, which

creates a specialized petition for review process for denials of bail. *See Commonwealth v. Carter*, 247 A.3d 27 (Pa. Super. 2021). We therefore cannot review the claim.

The reordered fifth issue involves two distinct issues. First, Appellant argues that the trial court erroneously admitted Commonwealth's Exhibit 11, which was a sample of a registration certificate that the Bureau issues to home contractors. The Commonwealth admitted a sample because it does not retain copies of the originals.

> Q. Does your office retain a copy of that certification that was issued, for example, to Mitchell Pedro in 2011?
>
> A. We do not retain certificates, no.
>
> Q. OK, so is what you have in front of you, is that just a sample of what would have been sent?
>
> A. Correct.

N.T., 8/23/21, at 53.

Second, Appellant argues that the trial court erred in declining to give his suggested jury instruction defining "fraud." We reproduce the entirety of Appellant's argument in support of this issue:

> At the Trial, the Trial Court improperly admitted Commonwealth's Exhibit 11, a sample form with the name of a person from Philadelphia from the Consumer Protection Bureau, into the evidence which was objected to by Mr. Pedro as it did not have Mr. Pedro's name or address on the document. (Hearing 8-23-21 N.T. 52-55). The Trial Court failed to provide a definition of fraud in the Jury instructions even though the Jury deliberated for numerous hours, asked numerous questions regarding the jury instructions including the importance of the age of victims, requesting all the exhibits, written copies of the definitions of each charge presented verbally by the Court to the Jury. (Hearing 8-

- 17 -

23-21 N.T. 219-232).

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error." Commonwealth v. Glass, 2012 PA Super 137, 50 A.3d 720, 724-25 (Pa. Super. 2012). In reviewing a trial court's refusal to provide a jury instruction, the appellate court reviews whether the jury instruction is warranted by the evidence presented in the case and changed outcome of case. Commonwealth v. Baker, 963 A.2d 495 (Pa. Super. 2008).
>
> The Trial Court's decision to admit Exhibit 11 and failure to provide a definition of the term "Fraud" directly effected and changed the outcome of the case and prejudiced the Appellant.

Appellant's Brief at 26-27 (verbatim).

For evidentiary errors, the standard of review is an abuse of discretion. "As our Supreme Court has explained, '[t]he admissibility of evidence is a matter solely within the discretion of the trial court. This Court will reverse an evidentiary ruling only where a clear abuse of discretion occurs.'" **Commonwealth v. Woeber**, 174 A.3d 1096, 1100 (Pa. Super. 2017) (quoting **Commonwealth v. Johnson**, 638 A.2d 940, 942 (Pa. 1994)). Appellant offers no argument as to why admitting the evidence was an abuse of discretion, and we cannot discern one. Appellant correctly notes that the form "did not have [Appellant]'s name or address on the document." Appellant's Brief at 26. But the Commonwealth clearly admitted the document for its demonstrative value, showing the jury what Appellant's form would have generically looked like. Additionally, even if we accept that the trial court somehow erred in admitting the exhibit, Appellant offers no argument as to how an innocuous document like this one could have possibly prejudiced him.

Turning to the jury instruction issue, we agree with the Commonwealth that Appellant did not preserve his objection. "[U]nder Criminal Procedural Rules 603 and 647(B), the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." *Commonwealth v. Pressley*, 887 A.2d 220, 225 (Pa. 2005). In *Commonwealth v. Green*, 273 A.3d 1080, 1084 (Pa. Super. 2022), this Court held that *Pressley's* interpretation of those Rules did not require waiver when counsel argued, on two separate days, for self-defense and voluntary manslaughter charges. The appellant preserved his objections on the record during the charging conferences and the trial court assured counsel that the issues were preserved for appeal. We acknowledged that an objection at the end of the charge would have eliminated any need to discuss waiver, but "we do not find that preserving his objections on the record during the charging conferences, rather than at the end of the jury charge, where the trial court expressly informs counsel his objections were preserved, runs afoul of *Pressley* or Rule 647(B)." *Id.* at 1084. *Green* stated that the *Pressley* holding applied when "there is no indication that counsel did anything more than merely submit proposed points that the trial court denied." *Id.* at 1083.

A mere submission of proposed points describes what happened here. The relevant exchange reads as follows:

[Appellant]: Regarding fraud, with the intent to fraud [*sic*] or injure anyone with knowledge that you're facilitating a fraud or injury to be perpetrated by anyone, I would ask that the Court define fraud as knowingly or recklessly deceptive and I took that definition from … **Commonwealth v. Hill**, 140 A.3d 713 [(Pa. Super. 2016)].

[Trial Court]: Attorney Anderson?

[Commonwealth]: Judge, I don't feel there's a need to define the word fraud.  I feel that's a commonly known and used word in general society and would not require further explanation or definition by the [c]ourt.

* * *

[Trial Court]: [W]ith respect to fraud, I'll agree with the Commonwealth.  That is a more common phrase and … an average member of the public would be aware of the same.

N.T., 8/23/21, at 161-62.

Following the instructions regarding the elements of each crime, the trial court asked Appellant, "has this [c]ourt failed to instruct the jury with respect to the elements of the offenses?"  Appellant replied, "No, Your Honor."  **Id.** at 205.  Appellant thus failed to preserve his challenge to the jury instructions.

Appellant's final issue raises several challenges to his sentence, involving both its legality and the discretionary aspects.  We find these arguments to be meritless.  However, we find an error regarding the RRRI sentence and remand to the trial court for entry of a corrected sentencing order.

Beginning with the legality, Appellant argues that the sentence imposed at docket CP-57-CR-0000026-2019 is illegal because the criminal information specified that the crime was graded as a felony of the third degree.  The trial

- 20 -

court accepted the Commonwealth's argument that the enhanced felony of the second degree grading applied.

The criminal information for docket CP-57-CR-0000026-2019 was prepared by the Sullivan County District Attorney's Office, which was prosecuting the case before the Attorney General took over.[8] The information charging Appellant with a violation of 73 P.S. § 517.8(a)(8) listed the grading as a felony of the third degree.

That grading applies when the amount involved exceeds $2,000. 73 P.S. § 517.8(c)(1)(i) ("A violation of subsection (a) … (8) constitutes … a felony of the third degree if the amount involved exceeds $2,000."). The offense is graded as a felony of the second degree if the victim was sixty years or older. 73 P.S. § 517.8(c)(4) ("Where a person commits an offense under subsection (a) and the victim is 60 years of age or older, the grading of the offense shall be one grade higher than specified in paragraphs (1), (2) and (3).").

We find that this notice was constitutionally defective. In **Commonwealth v. King**, 234 A.3d 549 (Pa. 2020), our Supreme Court considered the legality of an "enhanced sentence for attempted murder resulting in serious bodily injury … when the Commonwealth failed to provide formal notice of its intent to seek the enhancement in the charging documents." **Id.** at 552. The sentence for attempted murder normally carries

---

[8] The criminal information in the other case was filed by the Attorney General and correctly lists the grading as a felony of the second degree.

a maximum penalty of twenty years unless serious bodily injury occurs, in which case the maximum is forty years. The charging documents listed the crime of attempted murder but made no reference to the statutory section authorizing the increased penalty. The **King** Court held that this defect violated due process.

> [T]he Commonwealth in effect prosecuted King for the aggravated crime of attempted murder causing serious bodily injury despite charging him with the crime of attempted murder. The statutory definition of attempted murder does not require proof of serious bodily injury. **See** 18 Pa.C.S. §[§] 901, 2502. Section 1102(c) provides that a person convicted of attempted murder that does not result in serious bodily injury may be sentenced to a maximum term of twenty years of imprisonment, whereas a person convicted of attempted murder that results in serious bodily injury faces a maximum term of forty years of imprisonment. 18 Pa.C.S. § 1102(c). Serious bodily injury caused by the attempted murder is undoubtedly an essential element of the offense that must be included in the charging documents.
>
> It therefore follows that the charging instrument must include those elements to put the defendant on notice of the crime.
>
> * * * *
>
> Here, the criminal information plainly put King on notice of the crime of attempted murder. But ... King was convicted of the aggravated crime of attempted murder causing serious bodily injury. Nothing in the indictment or criminal information itself alerted King to the Commonwealth's intention to prosecute him of that crime. We therefore hold that when the Commonwealth intends to seek an enhanced sentence for attempted murder resulting in serious bodily injury under Section 1102(c), the Commonwealth must include a citation to the statutory provision as well as its language in the charging documents. While the information arguably gave some notice of the Commonwealth's intent to seek the sentencing enhancement based on the facts alleged in the charging documents and the Commonwealth's mention of the sentencing guidelines prior to trial, this degree of notice was insufficient.

- 22 -

*Id.* at 562-63.

Similarly, the criminal information here put Appellant on notice that it intended to prosecute him of the crime of home improvement fraud by false or deceptive advertising, causing a loss in excess of $2,000. Nothing in the information signaled that the Commonwealth intended to prove the crime Appellant was actually sentenced for, which may be described as home improvement fraud by false or deceptive advertising against a person over the age of sixty. This was, for constitutional purposes, an aggravated crime. The Commonwealth's criminal information therefore violated due process by failing to include a reference to the 73 P.S. § 517.8(c)(4) provision authorizing the enhanced penalty.

However, *King* held that the due process violation does not automatically result in an illegal sentence, as the error is subject to harmless error review. "[W]e conclude that King was adequately apprised through other means of the Commonwealth's intentions and that the charging error was harmless beyond a reasonable doubt." *Id.* at 563.

We conclude that the error here was harmless beyond a reasonable doubt. *See Commonwealth v. Hamlett*, 234 A.3d 486 (Pa. 2020) (holding that appellate courts may *sua sponte* invoke harmless error even where Commonwealth fails to raise it). The Commonwealth submitted special interrogatories to the jury asking it to determine the age of the victim, which is, of course, an objective fact and was not contested. Additionally, the fact that Appellant was jointly prosecuted for the exact same crime against another

victim over the age of 60 is also evidence that Appellant was not taken by surprise. And perhaps most significantly, it appears that Appellant was fully aware of the Commonwealth's intentions. Appellant's brief in support of his petition for a writ of *habeas corpus* argued, "Query how an advertisement in the newspaper as alleged is specifically targeted to individuals 60 or older." Brief in Support of Motion for *Habeas Corpus*, 3/22/21, at unnumbered 3. The next paragraph states, "The Commonwealth is required to set forth the basis for the grading in the Information." ***Id.***

The Commonwealth's response argued, "The Commonwealth will establish at trial that the victims in all four captioned cases are older than 60. The applicable grading for the charged offenses is thus enhanced to Felony 2." Commonwealth's Brief in Opposition, 4/23/21, at 10. That response, plainly stating the Commonwealth's intention to prove the aggravated crime as we have described it, meets if not exceeds the *de facto* notice that the ***King*** Court found.

> While King did not receive formal notice of the Commonwealth's intent to seek the enhancement, King received *de facto* notice, at various points before trial, that the Commonwealth was seeking the enhancement. For example, the factual summaries in the charging documents made clear that Banks suffered serious bodily injury. Moreover, the Commonwealth advised King that the minimum penalty for attempted murder if convicted was seventeen and one-half years, signaling that the Commonwealth intended to seek the enhancement. Finally, the Commonwealth and King's attorney reviewed and agreed to the content and form of the verdict sheet prior to jury deliberations, which included a special interrogatory regarding whether Banks suffered serious bodily injury as a result of the attempted murder.

*King*, 234 A.3d at 566 (footnote omitted).

Finally, as in *King*, we note that it does not appear that the Commonwealth's failure to provide formal notice in the information had any effect on Appellant's defense. *Id.* We therefore conclude that any error was harmless beyond a reasonable doubt.

In his next challenge to the sentence's legality, Appellant argues that he was entitled to seventy-four days of time credit as a matter of law. At sentencing, Appellant stated that he had served "a total of 74 days after his arrest and prior to sentencing" the Columbia County Correctional Facility. N.T. Sentencing, 11/2/21, at 7. He asked the court to credit him for those days because "all the charges … [are] all related to each other[.]" *Id*. The Commonwealth responded that Appellant was entitled to ten days of time credit, but the remaining 64 days "ha[ve] no relationship to this case[.]" *Id.* at 10. Appellant makes no specific argument regarding the time credit and does not address the representations that the 64 days involved a case that has nothing to do with the home improvement fraud dockets. As with other issues raised in this appeal, this Court will not develop Appellant's argument. We therefore deem this aspect of Appellant's claim waived.

Turning to the discretionary aspects of Appellant's sentence, we conclude that Appellant has failed to present a substantial question warranting our review. These appeals are not as of right.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal [was timely-

filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code…. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018) (quoting

*Commonwealth v. Disalvo,* 70 A.3d 900, 902 (Pa. Super. 2013)).

Appellant has met the first three requirements, but we agree with the Commonwealth that he has failed to satisfy the fourth requirement. The Rule 2119(f) statement reads:

The sentence imposed was within the sentencing guidelines. The sentences imposed were not run concurrently at the time of sentence despite … [Appellant's] having [a] prior record score of 0 and no history of violence. The [t]rial [c]ourt refused to allow … [Appellant] credit for seventy-four (74) days confinement contrary to 42 Pa.C.S.[] § 9760.

Appellant's Brief at 15.

We first note the guideline ranges for these crimes. The sentencing guidelines codified at 203 Pa. Code. § 303.15 designate offense gravity scores. The home improvement fraud crimes are not specifically listed, and thus, the default assignment of an offense gravity score of seven for a felony of the second degree applies. When paired with Appellant's prior record score of zero, the basic sentencing matrix calls for a sentence of 6 to 14 months in the standard range. Thus, the sentence of 9 to 24 months at the three counts, set consecutively to each other, falls within the middle of the standard range. The decision to impose consecutive sentences at all three counts does not

present a substantial question in the absence of some other allegation. As this Court stated in **Commonwealth v Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013):

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Id.* at 1270 (emphasis added). Appellant's bald claim of excessiveness does not raise a substantial question and we therefore find that he has failed to invoke the jurisdiction of this Court to review the discretionary aspects of his sentence.

Even if Appellant presented a proper substantial question warranting our review, we would find no abuse of discretion. The trial court had the benefit of a pre-sentence investigation report, and its opinion briefly discusses its rationale for imposing the sentence, writing that consecutive standard range sentences were appropriate because

> [Appellant] never accepted or took responsibility for his actions. [Appellant] engaged in criminal conduct that took advantage of society's most vulnerable individuals, those over sixty (60) years of age. [Appellant] never apologized to his victims. Lastly, [Appellant] did not comply with his bail conditions. [Appellant] admitted to his probation officer that one (1) week prior to his interview for his Pre-Sentence Investigation, he used marijuana, which was a direct violation of his bail.

Trial Court Opinion, 2/28/22, at 3-4.

The trial court articulated a reasoned basis for its sentence, and the sentencing transcript reveals that Appellant, consistent with arguments made in his appellate briefs, repeatedly expressed his view that these matters should have been resolved in civil court. We discern no abuse of discretion in the trial court's determination that consecutive sentences were warranted in light of Appellant's lack of remorse and multiple victims.

Finally, we address Appellant's RRRI sentence. The trial court determined that Appellant was eligible for that program. As set forth in the Sentencing Code, the trial court shall determine eligibility at the time of sentencing.

> **(b.1) Recidivism risk reduction incentive minimum sentence.**--The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). **If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence** except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1) (emphasis added).

As the emphasized language illustrates, the trial court must sentence an RRRI-eligible offender to the 'normal' minimum and maximum sentence, and, separately, to a sentence including the applicable reduction. The reductions are set forth in 61 Pa.C.S. § 4505.

> **(c) Recidivism risk reduction incentive minimum sentence.--**If the court determines that the defendant is an

eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall provide notice of eligibility to the defendant and enter a sentencing order that does all of the following:

(1) Imposes the minimum and maximum sentences as required under 42 Pa.C.S. § 9752 (relating to sentencing proceeding generally).

(2) Imposes the recidivism risk reduction incentive minimum sentence. The court shall direct the department to calculate the length of the sentence. The recidivism risk reduction incentive minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. The recidivism risk reduction incentive minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years. For purposes of these calculations, partial days shall be rounded to the nearest whole day. In determining the recidivism risk reduction incentive minimum sentence, the aggregation provisions of 42 Pa.C.S. §§ 9757 (relating to consecutive sentences of total confinement for multiple offenses) and 9762(f) (relating to sentencing proceeding; place of confinement) shall apply and the recidivism risk reduction incentive minimum sentence shall be recalculated following the aggregation of consecutive sentences. An offender determined by the court to be ineligible for a recidivism risk reduction incentive minimum sentence for any of the sentences subject to aggregation shall be ineligible for a recidivism risk reduction incentive minimum sentence for the aggregated sentence.

61 Pa.C.S. § 4505(c) (emphasis added).

The sentencing orders reflect that the trial court determined that Appellant was RRRI eligible and imposed the minimum and maximum. The sentencing orders do not, however, include any reference to the RRRI reduction. The aggregate sentence of 27 to 72 months is less than three years and therefore a three-fourths reduction applied. *See also* 61 Pa.C.S. § 4506

(establishing that an offender is eligible for parole at the expiration of the RRRI minimum sentence).

Finally, we conclude that this error does not require vacating the judgment of sentence. While we have not found any case directly on point, in **Commonwealth v. Morales-Feliciano**, No. 1445 MDA 2019, unpublished memorandum (Pa. Super. filed May 4, 2021), this Court determined that the trial court incorrectly calculated the applicable RRRI reduction by examining each individual sentence instead of the aggregate sentence. We concluded that the error was amenable to correction as a patent and obvious error. **Id.** at *5-6. The error here does not involve a miscalculation of the applicable reduction, but the core logic of the error being "based on a non—discretionary statutory calculation" likewise applies here. The trial court was required to impose a particular sentence based on a formula. We deem **Morales-Feliciano** persuasive and decline to vacate the judgment of sentence.

Judgments of sentence affirmed. Remanded for entry of amended sentencing order consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/07/2023

- 30 -