J-S29005-24

2024 PA Super 220

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :          PENNSYLVANIA
                                          :
                 v.                             :
                                          :
                                          :
RICHARD MICHAEL KOLESAR      :
                                          :
           Appellant                 :    No. 355 WDA 2024

Appeal from the Judgment of Sentence Entered February 23, 2024
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000083-2023

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

OPINION BY DUBOW, J.:                       **FILED: SEPTEMBER 23, 2024**

Appellant, Richard Michael Kolesar, appeals from the February 23, 2024 judgment of sentence entered in the Indiana County Court of Common Pleas following his conviction of Burglary, Theft by Unlawful Taking, Criminal Mischief, Evading Arrest or Detention on Foot, and Driving Under the Influence ("DUI").[1] Appellant alleges the trial court misinterpreted and misapplied the DUI penalty provision, 75 Pa.C.S. § 3804(c.2), and, thus, challenges the legality of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On June 9, 2023, Appellant entered a guilty plea to the above charges. The DUI offense to which Appellant pled guilty was his fifth.

_____

[1] 18 Pa.C.S §§ 3502(a)(4), 3921(a), 3304(a)(5), 5104.2(a); and 75 Pa.C.S. § 3802(a)(1), respectively.

Prior to Appellant's sentencing hearing, and after briefing by the parties, the sentencing court determined that, because the instant DUI conviction was Appellant's fifth, the court was required to order Appellant's sentences to run consecutively pursuant to 75 Pa.C.S. § 3804(c.2). In particular, the court found that "75 Pa.C.S. § 3804(c.2) is applicable to all of 75 Pa.C.S. § 3804; thus, this Court must impose a consecutive sentence at Case No. 83 CRIM 2023." Order, 2/21/24.

On February 23, 2024, Appellant appeared for sentencing related to the instant offenses, as well as two prior DUI convictions, one from an incident that occurred on January 17, 2022, docketed at No. 343 CRIM 2022, and one on April 20, 2022, docketed at No. 356 CRIM 2022. With respect to the instant offenses, the sentencing court imposed a term of 3 to 23 months of incarceration for Appellant's Burglary conviction and a term of 9 to 23 months of incarceration for his DUI conviction. The court ordered those sentences to run consecutively to each other and to the sentences imposed at Docket Numbers 343 CRIM 2022 and 356 CRIM 2022.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the trial court err as a matter of law and/or abuse its discretion when it found that it was required to impose a consecutive sentence on a fifth offense DUI: General Impairment conviction when the statute regarding consecutive sentence on third or subsequent DUI convictions is ambiguous as to its application to non[-]3802[](c) and/or 3802[](d) offenses and the court did not interpret the statute in a light most favorable to [Appellant]?

- 2 -

Appellant's Brief at 10.

**A.**

Appellant claims that the trial court erred as a matter of law in concluding subsection 3804(c.2) required it to order Appellant's sentences to run consecutively. This issue involves the interpretation of a criminal statute, which presents a question of law "for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Mock***, 219 A.3d 1155, 1160 (Pa. 2019).

We are guided by the Statutory Construction Act, which instructs that our primary concern is ascertaining and effectuating legislative intent. 1 Pa.C.S. § 1921(a). "The plain language of the statute is generally the best indicator of legislative intent[.]" ***Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013). We do not look beyond the plain language of an unambiguous statute, unless "the plain meaning would lead to a result that is absurd, impossible of execution[,] or unreasonable." ***Id.*** (citation and internal quotation marks omitted).

With respect to interpretation of words and phrases used by the legislature in Pennsylvania laws, the legislature itself has provided the following guidance:

> (a) Words and phrases shall be construed according to the rules of grammar and according to their **common and approved** usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

(b) General words shall be construed to take their meanings and be restricted by preceding particular words.

1 Pa.C.S. § 1903 (emphasis added).

In Section 3804, the legislature set forth the penalties for convictions of DUI offenses and articulated different sentencing schemes for different types of DUI convictions. Subsection 3804(a) pertains to convictions of DUI-General Impairment. 75 Pa.C.S. § 3804(a). Subsection 3804(b) pertains to convictions of DUI offenses involving "[h]igh rate of blood alcohol; minors; commercial vehicles and school busses and school vehicles; [and] accidents." *Id.* at § 3804(b). Subsection 3804(c) pertains to accidents involving "[i]ncapacity; highest blood alcohol; controlled substances" where the defendant either violated Subsection 3802(a)(1) and refused blood alcohol or breath testing or violated Subsection 3802(c) or (d). *Id.* at § 3804(c).

Subsection 3804(c.2) provides that "[a] sentence imposed upon an individual **under this section** who has two or more prior offenses shall be served consecutively to any other sentence the individual is serving and to any other sentence being then imposed by the court, except for those with which the offense must merge as a matter of law." *Id.* at § 3804(c.2) (emphasis added).

**B.**

Appellant asserts that Subsection 3804(c.2)'s requirement that the court impose consecutive sentences for a third or subsequent DUI conviction only applies to DUI convictions of offenses listed in Subsection 3804(c) and not to any other types of DUI convictions. Appellant's Brief at 17. Appellant

- 4 -

contends that since he pleaded guilty only to DUI: General Impairment, 75 Pa.C.S. § 3802(a)(1), and not to any DUI offenses under either Subsections 3802(c) or 3802(d), known respectively as "highest rate" and "controlled substance," and he did not refuse breath or blood alcohol level testing, the sentencing court erred in concluding it was required to impose his sentences consecutively. Appellant's Brief at 16-17. He argues that if the legislature had intended for the consecutive sentencing provision to apply to all DUI convictions, it would have included the consecutive sentencing language under its own, separate subsection of Section 3804, and not within subsection (c) of Section 3804. *Id.* at 18. Stated another way, Appellant claims that because the legislature placed the consecutive sentencing language in subsection (c.2) and not in a newly-created, independent subsection, the legislature intended for it to apply to only the most serious DUI offenses as set forth in Subsection 3804(c). *Id.* at 18-19.

In the alternative, Appellant asserts that Subsection 3804(c.2) is ambiguous as to whether it applies to sentencing following a third or subsequent conviction of any DUI offense or only to convictions of offenses enumerated in Subsection 3804(c). *Id.* at 20.

The Commonwealth, on the other hand, contends that by using the word "section" and not "subsection," the legislature unambiguously intended Subsection 3804(c.2) to apply to all Section 3804 offenses and not just the offenses contained in subsection (c) of Section 3804. Commonwealth's Brief at 12. The Commonwealth emphasizes that if the legislature intended the

consecutive sentencing provision to apply only to offenses listed in subsection (c) of Section 3804, the statute would read "[a] sentence imposed upon an individual **under this subsection** . . . ." *Id.* at 16-17. It, therefore, concludes that the trial court properly interpreted the plain meaning of the word "section" in Subsection 3804(c.2) as requiring it to impose consecutive sentences. *Id.* at 20.

**C.**

Following our review, we agree with the trial court and the Commonwealth that to ascertain the meaning of Subsection 3804(c.2), we need not look beyond its plain language. We, thus, conclude, that Subsection 3804(c.2) unambiguously requires that the court impose consecutive sentences for a defendant's third and subsequent DUI convictions of any offense listed in Section 3804 and not, as Appellant urges, only to convictions of the offenses listed in Subsection 3804(c).

In so concluding, we focus on the separate and distinct meanings of the term "section" and the term "subsection," as defined in the dictionary and commonly understood, and as construed by the Pennsylvania Supreme Court.

A "section" is, *inter alia*, "a distinct part or portion of something written [] such as a [] law[.]" Section, Merriam-Webster, https://merriam-webster.com/dictionary/section. A "subsection" is a subdivision or a subordinate division of a section[.]" Subsection, Merriam-Webster, https://merriam-webster.com/dictionary/subsection.

- 6 -

We are also guided by our Supreme Court's decision in ***Commonwealth v. Cousins***, 212 A.3d 34 (Pa. 2019). In ***Cousins***, the defendant challenged the trial court's application of a sentencing enhancement included by the legislature in 35 P.S. § 780-113(b), arguing that the reference in 35 P.S. § 780-113(b) to "a violation of this act under this section" applies only to those offenses specifically set forth in 35 P.S. § 780-113(b) and not to all offenses set forth in 35 P.S. § 780-113.[2] ***Cousins***, 212 A.3d at 37. In rejecting the defendant's argument and affirming his judgment of sentence, the Court concluded that:

> The legislature used the term "subsection" to refer to § 780-113(a), and the term "clause" to identify specific numbered provisions of § 780-113(a). Had the legislature intended the sentencing enhancement to apply only to the offenses specifically listed in § 780-113(b), it would have used the phrase "subsection

---

[2] 35 P.S. § 780-113(b) provides that:

> Any person who violates any of the provisions of clauses (1) through (11), (13) and (15) through (20) or (37) of subsection (a) shall be guilty of a misdemeanor, and except for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both, and for clauses (4), (6), (7), (8), (9) and (19) shall, on conviction thereof, be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding five thousand dollars ($5,000), or both; but, if the violation is committed after a prior conviction of such person for a violation of this act **under this section** has become final, such person shall be sentenced to imprisonment not exceeding three years or to pay a fine not exceeding twenty-five thousand dollars ($25,000), or both.

35 P.S. § 780-113(b) (emphasis added).

(b)" or "this subsection" instead of "this section." Moreover, under the hierarchy of sectional terms, the legislature's use of "this section" in conjunction with "this act," which contains 51 sections, supports an interpretation that "section" refers to 35 P.S. § 780-113 as a whole, rather than § 780-113(b) specifically.

*Id.* at 39.

Turning to the statute in question here and guided by the foregoing, when Subsection 3804(c.2) provides that "[a] sentence imposed on an individual **under this section** who has two or more prior offenses shall be served consecutively," it is clear that the "section" referred to by the legislature in Subsection 3804(c.2) is the entire Section 3804, not just Subsection 3804(c). 75 Pa.C.S. § 3804(c.2). Thus, the trial court properly interpreted the consecutive sentencing language in Subsection 3804(c.2) as applicable to all DUI offenses listed in Section 3804 and properly ordered Appellant to serve his sentence for his fifth DUI conviction consecutively to his other DUI sentences.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/23/2024