J-S01006-25
J-S01007-25
J-S01008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL A. AGUILAR-URBINA | : | |
| | : | |
| Appellant | : | No. 1147 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 17, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000972-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL A. AGUILAR-URBINA | : | |
| | : | |
| Appellant | : | No. 1148 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 17, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000973-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL A. AGUILAR-URBINA | : | |
| | : | |
| Appellant | : | No. 1149 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 17, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000984-2023

J-S01006-25
J-S01007-25
J-S01008-25


BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                              **FILED: MAY 21, 2025**

Appellant Miguel A. Aguilar-Urbina appeals the judgments of sentence imposed after he pled guilty to driving under the influence (DUI) of alcohol—highest rate and driving while operating privilege suspended or revoked (driving under suspension),[1] and after a jury convicted Appellant of simple assault,[2] and strangulation, and intimidation of witnesses.[3] Appellant's counsel, Scott Alan Harper, Esq. (Appellate Counsel), has filed petitions to withdraw and **Anders**/**Santiago**[4] briefs with respect to all three appeals.[5] After review, we conclude that the trial court imposed an illegal sentence for DUI. Therefore, we affirm Appellant's convictions, vacate the judgments of sentence, remand for resentencing, and deny Appellate Counsel's petitions to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appeal at 1147 MDA 2024.

[2] Appeal at 1148 MDA 2024.

[3] Appeal at 1149 MDA 2024.

[4] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[5] As explained further below, the trial court imposed consecutive sentences in these three cases. Therefore, pursuant to Pa.R.A.P. 513, we consolidate these appeals *sua sponte* and address them in one disposition.

### Factual and Procedural History: 1147 MDA 2024
### (Docket No. 972-2023)

The trial court set forth the following factual and procedural history for this case:

> On August 19, 2023, Appellant was pulled over on suspicion of driving under the influence. Appellant was ultimately charged with several offenses, among them were Count 2 DUI highest rate of alcohol as a fourth or subsequent offense and Count 3 driving under suspension as a third offense.[6] Appellant entered open pleas of guilty to Counts 2 and 3 on March 14, 2024.
>
> * * *
>
> [T]he [trial] court accepted Appellant's pleas of guilty to Counts 2 and 3, ordered a pre-sentence investigation [(PSI)], and entered an order directing Appellant to appear for sentencing on June 17, 2024.
>
> On June 3, 2024, Appellant filed [a motion] to withdraw his guilty plea. The [trial] court directed that Appellant present his argument justifying withdrawal of his guilty pleas to Counts 2 and 3 before sentencing on June 17, 2024.
>
> Before sentencing on June 17, 2024, Appellant put on the record his reasons for wanting to withdraw his guilty pleas to Counts 2 and 3. Appellant specifically stated that his trial counsel had lied to him about the maximum and minimum sentences the [trial] Court would impose and that he was rushed or pressured into entering his plea.

Trial Ct. Op., 8/27/24, at 1-3 (footnotes omitted and some formatting altered).

The trial court denied Appellant's motion to withdraw guilty plea. N.T. Sentencing Hr'g, 6/17/24, at 8-9. We add that Sonia Wise, Esq. (Trial

---

[6] 75 Pa.C.S. §§ 3802(c) and 1543(b)(1.1)(iii), respectively.

- 3 -

Counsel), of the Adams County Public Defender's Office, represented Appellant at the guilty plea hearing in this matter, at trial in the other two matters, and at sentencing for all three matters.

**Factual and Procedural History: 1148 MDA 2024 and 1149 MDA 2024 (Docket Nos. 973-2023 and 984-2023)**

The trial court set forth the following procedural history for these two cases:

> In the case docketed at [Docket No. 973-2023], Appellant was arrested by the McSherrystown Borough Police and charged with simple assault[7] concerning an incident alleged to have occurred on August 22, 2023 involving his live-in girlfriend, Rebecca Bross (hereinafter "Victim"). In the case docketed at [Docket No. 984-2023], Appellant was arrested by the McSherrystown Borough Police and ultimately charged with strangulation, terroristic threats, intimidation of witness, and simple assault[8] for incidents alleged to have occurred between August 17, 2023 and August 22, 2023 involving the Victim.
>
> On October 16, 2023, the Commonwealth filed [a] notice of trial joinder concerning their intent to try the above-captioned cases (hereinafter "both cases") together, pursuant to Pa.R.Crim.P. 582. . . . On November 20, 2023, the Honorable Thomas R. Campbell, Court of Common Pleas of Adams County, entered an order joining both cases for trial.

Trial Ct. Op., 8/30/24, at 1-2 (footnotes omitted and some formatting altered).

---

[7] 18 Pa.C.S. § 2701(a)(1).

[8] 18 Pa.C.S. §§ 2718(a)(1), 2706(a)(1), 4952(a)(2), and 2701(a)(1), respectively.

The trial court summarized the evidence presented at trial for all three

dockets as follows:

The Victim testified that she began a relationship with Appellant during May 2023 and moved into Appellant's apartment on June 3, 2023 at 510 North Street, McSherrystown, Adams County, Pennsylvania. On August 17, 2023, during a verbal altercation in the McSherrystown apartment, Appellant stated "you know I can choke you to death, right?" Appellant then began choking the Victim with both of his hands wrapped around the Victim's throat. Appellant applied significant pressure to the Victim's neck and the Victim was unable to breath[e]. The Victim felt like she was going to pass out. The Victim testified that Appellant had a really cold expression while he strangled her. After Appellant stopped strangling the Victim, he stated, "just don't ever cheat on me" and then apologized to the Victim. The Victim testified that her throat hurt the next day.

On August 18, 2023, during a verbal altercation in the Victim's car, Appellant slapped the Victim across the face with an open hand. The Commonwealth presented a text message from Appellant to the Victim dated August 18, 2023, where Appellant admitted slapping the Victim in the face.

The Commonwealth and [Appellant] stipulated that, between the dates of August 19 and August 21, 2023, Appellant was unavailable and did not have any in-person contact with the Victim, but did speak with the Victim by cell phone. The Commonwealth played a recording of a telephone conversation between Appellant and the Victim during this time period and Appellant stated to the Victim "I'm so sorry for how I treat you."

On August 21, 2023, the Victim met with Chief Larry Kitzmiller (hereinafter "Chief Kitzmiller") of the McSherrystown Police Department to report the August 17, 2023 assault perpetrated by Appellant. Chief Kitzmiller met with the Victim, observed her emotional state to be upset, and obtained a written and recorded statement from the Victim.

In the early morning of August 22, 2023, Appellant drove the Victim in the Victim's car to Penn State Berks Campus where the Victim attended classes. During the car ride from McSherrystown,

- 5 -

Appellant directed the Victim to contact Chief Kitzmiller and tell him she had lied about the assault on August 17, 2023. The Victim called 9-1-1 and subsequently received a return telephone call from Chief Kitzmiller while she was still in the car with Appellant. The Victim told Chief Kitzmiller that she lied about the assault that occurred on August 17, 2023, and that it never occurred. During the Victim's conversation with Chief Kitzmiller, Appellant typed on a cell phone "I thought he was cheating" and held that phone up to the Victim's face. The Victim told Chief Kitzmiller she lied because she thought Appellant was cheating. The Victim testified at trial that she recanted the statement she gave to Chief Kitzmiller solely because she was afraid of Appellant. After the Victim arrived at Penn State Berks Campus, and after she was away from Appellant, she called Chief Kitzmiller again and told him that Appellant had told her to lie and that's why she recanted the August 17, 2023 assault.

After class on August 22, 2023, the Victim and Appellant returned to their apartment in McSherrystown. Appellant assaulted the Victim again by gripping the Victim by her arms and strangling the Victim with both of his hands around her neck. After the assault, the Victim immediately called 9-1-1 and reported the assault. The 9-1-1 recording, which was played for the jury, reported the details of the assault. Officer Scott Curly (hereinafter "Officer Curly") of the McSherrystown Police Department immediately responded to the apartment. He observed that the Victim was visibly upset, she was crying and staggering around, and it appeared she had just suffered some sort of physical trauma. Officer Curly observed redness to her chest and neck, as well as marks on her arm and neck. Officer Curly observed that Appellant's eyes were glassy, and he smelled of an alcoholic beverage. Officer Curly took photographs of the injuries the Victim suffered to her arm, chest, and neck. The photographs were presented to the jury through the testimony of the Victim and Officer Curly.

Trial Ct. Op., 8/30/24, at 4-6 (citations and footnotes omitted and some formatting altered).

On March 26, 2024, the jury convicted Appellant of simple assault at Docket No. 973-2023, as well as strangulation and intimidation of witnesses or victims at Docket No. 984-2023. The jury acquitted Appellant of the remaining charges.

The trial court summarized the ensuing procedural history for all three matters as follows:

> On June 5, 2024, [Trial Counsel] filed a motion to withdraw as counsel and averred that Appellant requested that she withdraw from both cases on the basis of her alleged ineffective assistance of counsel. On June 5, 2024, the [trial] court denied [Trial Counsel's] motion to withdraw as counsel as prematurely filed.
>
> On June 17, 2024, Appellant appeared with [Trial Counsel] for sentence[ing]. . . .

Trial Ct. Op., 8/30/24, at 3 (footnotes omitted and some formatting altered).

We add that during the sentencing hearing, Appellant made a *pro se* oral motion for extraordinary relief claiming that there were several errors prior to and at trial. *See* N.T. Sentencing Hr'g, 6/17/24, at 10-12. First, Appellant alleged that Trial Counsel failed to advise him that if he testified, he could be impeached with his prior convictions for *crimen falsi*. *See id.* at 10-11. Next, Appellant claimed that he had been denied his Sixth Amendment right to compel favorable witnesses because the Victim and Officer Curly testified that there were witnesses present when Appellant was arrested, who did not testify at trial. *See id.* at 11. Lastly, Appellant contended that he had a right to seek legal assistance from the Mexican embassy under the Vienna

Convention because he has dual American and Mexican citizenship. *See id.* at 12. The trial court denied Appellant's oral motion for extraordinary relief. *See id.*

At Docket No. 972-2023, the trial court sentenced Appellant to two to ten years' incarceration for DUI and a consecutive term of two to four years' incarceration for driving under suspension. At Docket No. 984-2023, the trial court sentenced Appellant to a term of five to ten years' incarceration for strangulation and a consecutive term of one to two years' incarceration for intimidation of witnesses. The trial court ordered that the sentence imposed at Docket No. 984-2023 run consecutive to the sentence imposed at Docket No. 972-2023 (*i.e.*, consecutive the sentences for DUI and driving under suspension). Lastly, at Docket No. 973-2022, the trial court imposed a sentence of eight to twenty-four months' incarceration for simple assault, consecutive to the sentence at Docket No. 984-2023. Therefore, Appellant's aggregate sentence for these three matters is ten years and eight months to twenty-eight years' incarceration.

Appellant did not file any post-sentence motions. However, Appellant filed timely notices of appeal at each trial court docket number. Appellate Counsel entered his appearance on behalf of Appellant on July 3, 2024. On August 22, 2024, Appellate Counsel filed late Pa.R.A.P. 1925(c)(4) statements indicating his intent to file *Anders*/*Santiago* briefs on appeal. The trial court first issued a Rule 1925(a) opinion explaining its decision to deny Appellant's

motion to withdraw his guilty plea in Docket No. 972-2023. *See* Trial Ct. Op., 8/27/24, at 1-9. The trial court subsequently issued a separate Rule 1925(a) opinion discussing the sufficiency of the evidence supporting Appellant's convictions for strangulation, intimidation of witnesses, and simple assault with respect to Docket Nos. 973-2023 and 984-2023. *See* Trial Ct. Op., 8/30/24, at 1-10.

### *Anders/Santiago* Briefs

As we have noted, Appellate Counsel filed petitions to withdraw and *Anders*/*Santiago* briefs at each appellate docket number. Appellant filed a *pro se* response to Appellate Counsel's *Anders*/*Santiago* briefs. Therein, Appellant argued that Appellate Counsel was ineffective and has a conflict of interest because Appellate Counsel and Trial Counsel are both employees of the Adams County Public Defender's Office. *See* Appellant's *Pro Se* Response, 10/30/24, at 1-2 (unpaginated).

"When faced with a purported *Anders*[/*Santiago*] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant

that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an ***Anders***/***Santiago*** brief, counsel must set forth the issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the requirements established in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Goodwin***, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); ***accord***

- 10 -

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Here, Appellate Counsel has complied with the procedural requirements for seeking withdrawal by filing petitions to withdraw, sending Appellant letters notifying Appellant of Appellate Counsel's intent to withdraw, explaining Appellant's appellate rights, informing Appellant of his right to proceed *pro se* or with private counsel, and supplying Appellant with copies of the ***Anders***/***Santiago*** briefs. ***See Goodwin***, 928 A.2d at 290. Appellate Counsel also provided this Court with a copy of his letters to Appellant informing him of his rights. Moreover, Appellate Counsel's ***Anders***/***Santiago*** briefs comply with the requirements of ***Santiago***. Appellate Counsel includes summaries of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusions that the appeal is frivolous in each brief. ***See Santiago***, 978 A.2d at 361. Accordingly, we conclude that Appellate Counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issues presented in Appellate Counsel's ***Anders***/***Santiago*** briefs.

**1147 MDA 2024 (Docket No. 972-2023)**

In this appeal, Appellate Counsel identified the following issues for our review:

1. Whether the trial court erred in not granting Appellant's motion to withdraw his guilty plea.

2. Whether [Trial] Counsel provided ineffective assistance of counsel.

*Anders*/*Santiago* Brief, 1147 MDA 2024, at 5 (some formatting altered).

<u>Withdrawal of Guilty Plea</u>

The first issue that Appellate Counsel identified is Appellant's claim that the trial court erred by denying Appellant's motion to withdraw his guilty plea prior to sentencing. *Id.* at 7-10. Specifically, Appellant claimed that Trial Counsel lied to him about the minimum and maximum penalties he could receive and asserts that Trial Counsel pressured him into pleading guilty. *Id.* at 6, 8-9.

It is well settled that a criminal defendant "has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law." *Id.* (citation omitted).

The standards required for withdrawing a guilty plea differ "depending on whether the defendant seeks to withdraw the plea before or after sentencing." **Commonwealth v. Hart**, 174 A.3d 660, 664 (Pa. Super. 2017). In the context of a pre-sentence motion to withdraw a plea, our Supreme Court has stated:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation and footnote omitted); **see also** Pa.R.Crim.P. 591(A) (stating that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit . . . the withdrawal of a plea").

This Court has explained that "the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Reid**, 117 A.3d 777, 783 (Pa. Super. 2015) (citations omitted and formatting altered).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's

- 13 -

power to deviate from any recommended sentence." *Id.* at 782 (citations and quotation marks omitted).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973) (citation omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 590, cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

A claim that defense counsel provided the defendant erroneous advice about the sentence can be a fair and just reason to allow a defendant to withdraw the guilty plea prior to sentencing. *See, e.g.*, *Commonwealth v. Pardo*, 35 A.3d 1222, 1231 (Pa. Super. 2011).

This Court has held that a defendant was not entitled to withdraw his guilty plea prior to sentencing because of the defendant's poor relationship with counsel where the record did not support the defendant's claim that he

had entered the plea under duress. *Commonwealth v. McLendon*, 293 A.3d 658, 664-65 (Pa. Super. 2023), *appeal denied*, 310 A.3d 73 (Pa. 2023). In *McLendon*, this Court explained that the record "reveal[ed] a contentious relationship between [the defendant] and his appointed counsel throughout this case." *McLendon*, 293 A.3d at 662. However, this Court affirmed the trial court's denial of the defendant's request to withdraw his guilty plea because the guilty plea hearing transcript demonstrated that the defendant stated he desired to enter a guilty plea and there was no evidence that the defendant's "apparent dissatisfaction at the communication between himself and defense counsel affected [the defendant's] decision to enter a guilty plea." *Id.* at 665.

Here, the trial court explained:

Appellant asserts that the [trial] court erred in denying his motion to withdraw guilty plea. Specifically, Appellant contends that the reasons he stated on the record the morning of sentencing, June 17, 2024, should be sufficient to justify withdrawal of his pleas of guilty to Counts 2 and 3. However, the reasons Appellant gave-that he did not understand the maximum and minimum sentences the [trial court] could impose on those charges and that he was rushed into making a decision to plead-are not supported by the guilty plea record of March 14, 2023, and are insufficient to justify withdrawal of the guilty pleas entered in this matter.

Appellant's first argument for withdrawal, that he did not understand the maximum and minimum sentences that the [trial] court could impose upon entry of guilty pleas to counts 2 and 3, is patently inaccurate. At the time of the pleas, Appellant reviewed the eleven-page written plea colloquy with [Trial] Counsel. He signed and initialed the plea colloquy indicating he understood and agreed to the terms therein. Further, the [trial] court also conducted [an] extensive [oral] colloquy with Appellant

- 15 -

on the record regarding the potential sentences that could have been imposed here. . . .

*    *    *

At no point during this colloquy did Appellant ask any questions about the sentences that could be imposed in this matter, nor did he ask for clarification regarding the maximum and mandatory minimum sentences.  From the record it is clear that Appellant was thoroughly apprised of the maximum and mandatory minimum sentences in this matter, and was granted ample opportunity to ask for clarification on this information if he was confused.  Instead, Appellant replied in the affirmative each time he was asked if he understood the sentences he was facing.

Appellant also argues that he was pressured into entering guilty pleas to Counts 2 and 3 and should therefore be permitted to withdraw his plea.  Appellant's contention has no merit. . . .

During the oral colloquy, Appellant raised no issues or questions about [Trial] Counsel's advice.  Appellant affirmed that no one made any promises or threats to get him to enter the pleas, and that it was his decision to plead guilty.  Appellant agreed to the facts outlined by the Commonwealth to support the plea and affirmed he was pleading guilty because he was, in fact, guilty of both charges.  Appellant entered an open plea and, as Appellant was made aware on the record, the [trial] court retained full sentencing authority in this matter.

Trial Ct. Op., 8/27/24, at 5-8 (footnotes omitted and some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's motion to withdraw his guilty plea.  **See Gordy**, 73 A.3d at 624.  As stated above, Appellant completed both an oral and written plea colloquy at the time he entered the guilty plea.  **See** N.T. Guilty Plea Hr'g, 3/14/24, at 4-7; **see also** Written Guilty Plea Colloquy, 3/14/24, at 1-11 (unpaginated).

- 16 -

Specifically, during the oral colloquy, the following exchange occurred:

THE COURT: Do you understand the conditions of your plea and the rights you are giving up by entering these pleas of guilty?

[APPELLANT]: Yes.

THE COURT: You are entering pleas of guilty to driving under the influence of alcohol, highest rate. This is a felony of the second degree because this is a fourth or subsequent offense. This has a maximum sentence of up to 10 years in jail, maximum fine of $25,000. There is a mandatory minimum sentence of up to one year in jail, mandatory minimum fine of $2,500, which the [trial court] must impose.

\* \* \*

THE COURT: Do you understand sir?

[APPELLANT]: Yes.

THE COURT: You're also entering a plea of guilty to driving under suspension, DUI related, where there is alcohol in your system of .02 percent or greater at the time you were driving and that this is a third or subsequent offense. This is a misdemeanor of the first degree. This has a maximum sentence of five years in jail, $10,000 fine. There is a mandatory minimum sentence in this case of up to two years in jail, mandatory minimum fine of $5,000. Do you understand, sir?

[APPELLANT]: Yes.

THE COURT: Both of these pleas are open. That means the [trial court] has full sentencing authority. These pleas can be served consecutive, which means one on top of the other. So, you are looking at up to 15 years in jail on both of these matters and up to three years in jail concerning mandatory minimum sentence. Do you understand sir?

[APPELLANT]: Yes.

\* \* \*

THE COURT: [Appellant], has anyone made any promises or threats to get you to enter these pleas?

- 17 -

[APPELLANT]: No.

THE COURT: Is this your decision?

[APPELLANT]: Yes.

THE COURT: Have you had enough time to discuss this case with [Trial Counsel]?

[APPELLANT]: Yes.

[APPELLANT]: Are you satisfied with the advice and service [Trial Counsel] has provided?

[APPELLANT]: Yes.

N.T. Guilty Plea Hr'g, 3/14/24, at 3-4, 6.

The trial court's guilty plea colloquy correctly informed Appellant of the maximum possible sentences for the offenses to which he was pleading guilty. *See* 18 Pa.C.S. §§ 1101(2), 1103(2); 75 Pa.C.S. §§ 1543(b)(1.1)(iii), 3803(a)(3), 3804(c)(3). Therefore, we agree with the trial court that Appellant's claim that he was misinformed about the possible sentences is not supported by the record.

Further, at the guilty plea hearing, Appellant stated that he had not been threatened into entering his guilty plea, that it was his decision to plead guilty, and that he was satisfied with the advice he had received from Trial Counsel. *See* N.T. Guilty Plea Hr'g, 3/14/24, at 6. Appellant is bound by his statements at the plea hearing and in the written colloquy, which demonstrate that his plea was knowing, voluntary, and intelligent. *See Pollard*, 832 A.2d at 523; *see also* Pa.R.Crim.P. 590, cmt. Therefore, Appellant is not entitled to relief on his claim that Trial Counsel had pressured him into pleading guilty. *See*

- 18 -

*McLendon*, 293 A.3d at 664-65. For these reasons, we agree with Appellate Counsel's assessment that this claim is frivolous.

Ineffective Assistance of Counsel

The second issue that Appellate Counsel identified is Appellant's claim that Trial Counsel was ineffective because Trial Counsel misinformed Appellant about the range of sentences he could receive and Trial Counsel pressured Appellant into pleading guilty. *Anders*/*Santiago* Brief, 1147 MDA 2024, at 10-13. Appellate Counsel concluded that because generally claims of ineffective assistance of counsel are to be deferred to collateral review, this claim is frivolous on direct appeal. *Id.* at 12-13.

Our Supreme Court has explained that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review[]" pursuant to the Post Conviction Relief Act[9] (PCRA). *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Our Supreme Court has recognized three exceptions to this general rule. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-80 (Pa. 2013); *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018). The first exception applies to extraordinary circumstances, when a "trial court, in the exercise of its discretion, determines that a claim [] of ineffectiveness is both meritorious and apparent from the record so that immediate consideration

_____

[9] 42 Pa.C.S. §§ 9541-9546.

and relief is warranted." ***Holmes***, 79 A.3d at 577. The second exception addresses "multiple and fairly common ineffectiveness claims," which are accompanied by the defendant's "knowing, voluntary, and express waiver of PCRA review." ***Id.*** at 577-78, 580. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d at 361.

To qualify for any of these exceptions an appellant must first raise his ineffectiveness claims before the trial court, as the trial court must have an opportunity to review such a claim, and the parties must have an opportunity to fully develop the record. ***See Delgros***, 183 A.3d at 360-62; ***Holmes***, 79 A.3d at 576; ***see also Commonwealth v. Bomar***, 826 A.2d 831, 854-55 (Pa. 2003) (recognizing an exception allowing ineffective assistance of counsel claims to be heard on direct appeal where "the claims have been raised and fully developed at a hearing in the trial court," and cautioning that lack of a trial court opinion addressing such a claim "poses a 'substantial impediment to meaningful and effective appellate review'" and "oblige[s] the appellate courts to consider matters not of record, a function that appellate courts normally do not perform[,]" *i.e.*, "to engage in fact-finding in the form of speculation concerning the strategy counsel pursued at trial, a function that [appellate courts] were ill-suited to assume" (citation omitted)).

Here, Appellant did not file any post-sentence motions raising either of the exceptions that our Supreme Court recognized in **Holmes**. **See Holmes**, 79 A.3d at 563-64, 577-80. Further, Appellant did not expressly waive his right to PCRA review. **See id.** at 564, 580. Lastly, Appellant is not statutorily barred from seeking PCRA relief. **Cf. Delgros**, 183 A.3d at 361 (concluding that the defendant was statutorily precluded from seeking review under the PCRA because he had only been sentenced to pay a fine). For these reasons, we conclude that none of the exceptions apply, and Appellant's ineffectiveness claim cannot be considered on direct appeal. **See Grant**, 813 A.2d at 738. Accordingly, Appellant may raise his claim of ineffective assistance of Trial Counsel in a timely petition under the PCRA.

**1148 MDA 2024 and 1149 MDA 2024**
**(Docket Nos. 973-2023 and 984-2023)**

In these appeals, Appellate Counsel identified the following issues for our review:

1. Whether Appellant's Sixth Amendment rights were violated by the failure of both the prosecutor and [Trial Counsel] to call favorable witnesses and to compel the attendance of favorable witnesses?

2. Whether Appellant's Fourteenth Amendment right to a fair trial [was] violated when the prosecutor impeached his testimony with crim[e]n falsi evidence?

3. Whether Appellant's rights were violated under Article 36 of the [Vienna] Convention when neither the Commonwealth nor the [Trial Counsel] contacted the Mexican consulate?

- 21 -

***Anders***/***Santiago*** Brief, 1148 MDA 2024, at 5 (some formatting altered); ***see also Anders***/***Santiago*** Brief, 1149 MDA 2024, at 5 (the same).

Before we address the merits of these claims, we must first determine if these claims have been preserved for appeal. ***See Commonwealth v. Wholaver***, 903 A.2d 1178, 1184 (Pa. 2006) (explaining that appellate courts may raise waiver *sua sponte*). "[T]he applicability of waiver principles . . . is a question of law, over which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Barbour***, 189 A.3d 944, 954 (Pa. 2018) (citations omitted).

With respect to waiver, this Court has explained:

In order to preserve a claim for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court, or the claim is waived.

On appeal, [this Court] will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. The princip[al] rationale underlying the waiver rule is that when an error is pointed out to the trial court, the court then has an opportunity to correct the error. By specifically objecting to any obvious error, the trial court can quickly and easily correct the problem and prevent the need for a new trial. Additionally, the appellate court should not be required to waste judicial resources correcting a problem that the trial court could have easily corrected if it had been given the opportunity to avoid the necessity of granting a new trial.

***Commonwealth v. Russell***, 209 A.3d 419, 429 (Pa. Super. 2019) (citations omitted and some formatting altered); ***see also Commonwealth v. Cline***, 177 A.3d 922, 927 (Pa. Super. 2017) (explaining that "issues, even those of

constitutional dimension, are waived if not raised in the trial court" (citations omitted). Further, a stipulation to a fact waives any claim of error regarding the admission of that fact. ***See Commonwealth v. Lemanski***, 529 A.2d 1085, 1097 (Pa. Super. 1987) (stating that "[t]he parties are bound to accept the facts to which they have stipulated" (citations omitted)).

Rule of Criminal Procedure 704 states, in relevant part, that "[a] motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal." Pa.R.Crim.P. 704(B)(3); ***see also*** Pa.R.Crim.P. 704(B)(3), cmt. (stating that "the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue" for appeal).

Here, our review of the record indicates that Appellant did not preserve his claims before the trial court that he wished to subpoena additional witnesses or that he had a right to contact the Mexican embassy for legal assistance prior to or during trial. Appellant apparently raised these claims for the first time in his motion for extraordinary relief at the sentencing hearing.[10] ***See*** N.T. Sentencing Hr'g, 6/17/24, at 10-12. Therefore, Appellant

---

[10] As we have noted, the trial court permitted Appellant to present an oral *pro se* motion for extraordinary relief at the sentencing hearing while Appellant was still represented by Trial Counsel. We note that this was impermissible hybrid representation ***See Commonwealth v. Staton***, 184 A.3d 949, 957 (Pa. 2018) (stating that "[o]ur cases have consistently stated that no
*(Footnote Continued Next Page)*

- 23 -

has waived these claims because he failed to preserve these issues for appeal. *See Russell*, 209 A.3d at 429; *Cline*, 177 A.3d at 927; Pa.R.Crim.P. 704(B)(3); *see also Kalichak*, 943 A.2d at 291 (explaining that waived issues are frivolous).

Further, with respect to Appellant's claim that his prior *crimen falsi* conviction was inadmissible, the record reflects that both Appellant's counsel and the Commonwealth stipulated that Appellant had a prior conviction for providing false identification to law enforcement authorities at trial. *See* N.T. Trial, 3/26/24, at 144. Therefore, this issue is clearly frivolous. *See Lemanski*, 529 A.2d at 1097. Accordingly, we conclude that the issues Appellate Counsel identified in his *Anders*/*Santiago* briefs filed at Docket Nos. 973-2023 and 984-2023 are either waived or frivolous.[11]

To the extent that Appellant argues that Trial Counsel was ineffective for failing to pursue any of these arguments, Appellant may seek to raise these claims in a timely filed PCRA petition. *See Delgros*, 183 A.3d at 361; *Holmes*, 79 A.3d at 563-64, 577-80; 42 Pa.C.S. §§ 9541-9546.

---

defendant has a constitutional right to hybrid representation, either at trial or on appeal." (citation omitted and formatting altered)).

[11] We note that Appellant asserted that he has dual American and Mexican citizenship. *See* N.T. Sentencing Hr'g, 6/17/24, at 12. Our Supreme Court has held that the right to consular assistance under the Vienna Convention does not apply to defendants who hold American citizenship. *See Commonwealth v. Baumhammers*, 960 A.2d 59, 97 (Pa. 2008). Therefore, even if Appellant had not waived this claim, he would not be entitled to relief.

**Appellant's *Pro Se* Response**

As noted previously, Appellant filed a *pro se* response to Appellate Counsel's ***Anders***/***Santiago*** briefs on October 30, 2024. ***See Goodwin***, 928 A.2d at 290. Therein, Appellant argues that Appellate Counsel was ineffective and that he has a conflict of interest because Appellate Counsel and Trial Counsel both work for the Public Defender's Office. ***See*** Appellant's *Pro Se* Response, 10/30/24, at 1-2 (unpaginated). Appellant further states that he wishes to file a brief but does not have access to the necessary transcripts. ***See id.*** at 2 (unpaginated). Lastly, Appellant requested to supplement the certified record pursuant to Pa.R.A.P. 1922 with documents he purportedly filed with the trial court. ***See id.***

Appellant's claims appear to challenge Appellate Counsel's effectiveness. ***See*** Appellant's *Pro Se* Response, 10/30/24, at 1-2 (unpaginated). As stated above, a criminal defendant generally cannot assert ineffective assistance of counsel claims on direct appeal, and instead must raise such claims in a timely PCRA petition. ***See Holmes***, 79 A.3d at 577-80. Additionally, none of the exceptions that our Supreme Court has recognized to this general rule are applicable here because Appellant did not raise this claim before the trial court in a post-sentence motion.[12] ***See id.*** at 563-64;

_____

[12] Further, we note that "[a]s a general rule, a public defender may not argue the ineffectiveness of another member of the same public defender's office since appellate counsel, in essence, is deemed to have asserted a claim of his

*(Footnote Continued Next Page)*

*see also Delgros*, 183 A.3d at 361. Therefore, to the extent that Appellant raises an ineffectiveness claim against Appellate Counsel, that issue cannot be considered on direct appeal, although Appellant may assert these claims in a timely filed PCRA petition. Further, we deny Appellant's request to supplement the record.

### Legality of Sentence

Finally, we must conduct an independent review of the record to determine whether there are any "additional, non-frivolous issues overlooked by counsel." *Flowers*, 113 A.3d at 1250 (citation and footnote omitted); *see also Yorgey*, 188 A.3d at 1197.

We note that questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* on direct review by this Court." *Commonwealth v. Wright*, 276 A.3d 821, 827 (Pa. Super. 2022) (citation omitted and formatting altered). Review of the legality of a sentence "presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." *Id.* (citations omitted and formatting altered).

---

or her own ineffectiveness." *Commonwealth v. Smith*, 995 A.2d 1143, 1150 (Pa. 2010) (citations omitted). Therefore, Appellate Counsel could not have invoked any of the above exceptions to allege Trial Counsel's ineffectiveness on direct appeal.

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Warunek*, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted and some formatting altered).

Prior to sentencing, a defendant convicted of DUI-highest rate of alcohol is required to undergo both a Court Reporting Network (CRN) evaluation for alcohol abuse and drug use and a full assessment for drug and alcohol addiction.[13] *See* 75 Pa.C.S. §§ 3814(2)(ii)(B), 3816(a), (b). "[T]his Court has held that the trial court is statutorily required to order the drug and alcohol evaluation before sentencing." *Commonwealth v. Westlake*, 295 A.3d 1281, 1289 (Pa. Super. 2023) (citing *Commonwealth v. Borovichka*, 18 A.3d 1242, 1255 (Pa. Super. 2011); 75 Pa.C.S. § 3814).

Our Supreme Court has explained that a sentence imposed without these evaluations constitutes an illegal sentence. *See Commonwealth v. Taylor*, 104 A.3d 479, 493 (Pa. 2014) (holding "that a sentencing court **has no discretion or authority** to impose a sentence for a DUI violation prior to

---

[13] A full drug and alcohol assessment is also statutorily mandated when the CRN evaluation recommends that one be performed or where the defendant has previously been sentenced for DUI within the last ten years. *See* 75 Pa.C.S. § 3814(2)(i)(A), (2)(ii)(A). Here, both of these conditions are also present. *See* CRN Report, 4/25/24 (recommending a full alcohol and drug assessment; N.T. Sentencing Hr'g, 6/17/24, at 29-30 (Appellant has five prior DUI convictions within the last ten years); PSI, 5/20/24, at 5 (unpaginated) (indicating that Appellant's most recent prior DUI conviction was from 2020).

the completion of the Assessment required by Section 3814" (emphasis added)); *see also Westlake*, 295 A.3d at 1289-90.

Lastly, Section 3804 provides, in relevant part:

A sentence imposed upon an individual under this section who has two or more prior offenses shall be served consecutively to any other sentence the individual is serving and to any other sentence being then imposed by the court, except for those with which the offense must merge as a matter of law.

75 Pa.C.S. § 3804(c.2); *see also Commonwealth v. Kolesar*, 324 A.3d 578, 581 (Pa. Super. 2024) (stating that "Subsection 3804(c.2) unambiguously requires that the court impose consecutive sentences for a defendant's third and subsequent DUI convictions of any offense listed in Section 3804").

Here, the record reflects that at the time of sentencing, a drug and alcohol evaluation for Appellant had not been requested nor completed. *See* PSI, 5/20/24, at 3 (unpaginated) (stating "DA Evaluation not performed" (emphasis omitted)); Guideline Sentence Form, 6/25/24 (the box for "no" is marked next to "D&A Eval./Full").

Further, Appellant has five prior DUI convictions. *See* N.T. Sentencing Hr'g, 6/17/24, at 29-30 (Appellant has five prior DUI convictions, including ones from 2015, 2018, and 2020); PSI, 5/20/24, at 4-5 (unpaginated). The trial court acknowledged that it could not impose concurrent sentences with respect to Appellant's DUI conviction. *See* N.T. Sentencing Hr'g, 6/17/24, at 26-27. However, the trial court ordered that Appellant's sentence for driving

under suspension would run consecutive to the sentence for DUI. **See** Sentencing Order, 972-2023, 6/19/24, at 2. Furthermore, as stated above, the trial court ordered that the sentence for strangulation at Docket No. 984-2023 run consecutive to the sentences imposed at Docket No. 972-2023, and the sentence for intimidation of witnesses to run consecutive to the strangulation sentence. **See** Sentencing Order, 984-2023, 6/19/24, at 2. Lastly, the sentence for simple assault at Docket No. 973-2023 is consecutive to the sentences imposed at Docket No. 984-2023. **See** Sentencing Order, 973-2023, 6/19/24, at 2.

In other words, the trial court ordered that Appellant shall serve the sentences for his convictions in the following order: DUI, driving under suspension, strangulation, intimidation of witnesses, and simple assault. However, Section 3804(c.2) requires that a sentence for third or subsequent DUI conviction run consecutive "to any other sentence being then imposed by the court[.]" 75 Pa.C.S. § 3804(c.2). Therefore, we conclude Appellant's sentences for DUI and driving under suspension at Docket No. 972 and Appellant's sentence for strangulation at Docket No. 984-2023 are illegal insofar as the order in which Appellant must serve these sentences is inconsistent with the requirement that Appellant must serve his DUI sentence last. **See** 75 Pa.C.S. § 3804(c.2); **Kolesar**, 324 A.3d at 581.

Where the trial court has imposed consecutive sentences and this Court vacates the sentence for one or more counts, this Court's "disposition has

disturbed the trial court's overall sentencing scheme[;]" therefore, this Court will vacate the entire judgment of sentence and remand for resentencing. *Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013); *see also Commonwealth v. Vanderlin*, 580 A.2d 820, 831 (Pa. Super. 1990) (stating that "[i]f a trial court errs in its sentence for one count in a multi-count case, then all sentences for all counts will be vacated so that the court can re-structure its entire sentencing scheme" (citation omitted)).

For these reasons, we affirm Appellant's convictions, however, we are constrained to vacate Appellant's judgments of sentence and remand for resentencing consistent with this memorandum.  *See Tanner*, 61 A.3d at 1048; *Vanderlin*, 580 A.2d at 831.

On remand, the trial court shall order that Appellant be evaluated pursuant to Sections 3814 of the Motor Vehicle Code and make the results part of the record.  *See Westlake*, 295 A.3d at 1290.  Upon making those findings part of the record, the trial court shall resentence Appellant consistent with the terms of Section 3804(d) of the Motor Vehicle Code.  *See* 75 Pa.C.S. § 3804(d).  Further, the trial court shall impose a sentence for DUI that is consecutive to all other sentences that the trial court imposes at resentencing. *See* 75 Pa.C.S. § 3804(c.2).  Accordingly, while we affirm Appellant's convictions, we vacate his judgments of sentence.  *See Warunek*, 279 A.3d at 54; *see also Tanner*, 61 A.3d at 1048; *Vanderlin*, 580 A.2d at 831.

Judgments of sentence vacated. Case remanded for resentencing consistent with this memorandum. Petitions to withdraw denied. Request to supplement the record denied. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2025