J-S32012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NEAL EUGENE LILLEY JR | : | |
| | : | |
| Appellant | : | No. 203 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 3, 2025
In the Court of Common Pleas of Montour County Criminal Division at
No(s):  CP-47-CR-0000006-2022

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: JANUARY 16, 2026**

Neal Eugene Lilley, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Montour County, after he violated the terms of his probation and was resentenced to twenty-four months' to seven years' incarceration to run consecutively from a sentence imposed in Union County.[1] After careful review, we vacate Lilley's judgment of sentence and remand for re-sentencing.

On December 19, 2023, in Montour County, Lilley pled guilty to one count of driving under the influence (DUI),[2] his fourth DUI, which carried a maximum penalty of seven years' incarceration and a $15,000.00 fine.  ***See***

---

[*] Former Justice specially assigned to the Superior Court.

[1] Lilley's separate conviction and sentence are discussed below.

[2] 75 Pa.C.S.A. § 3802(a)(1).

N.T. Guilty Plea Hearing, 12/19/23, at 6-7. Lilley and the Commonwealth entered into a plea agreement, under which Lilley would be sentenced to five years' probation, conditioned upon his entry into and completion of a court-sponsored treatment program. *Id.* at 10.

On December 4, 2024, while in the treatment program, Lilley was sentenced, in Union County, to twenty-nine months' to eight years' incarceration for a separate DUI offense (his fifth) that occurred in Union County. *See* N.T. Violation of Probation (VOP) Hearing, 12/11/24, at 2. That conviction led to the revocation of his probation in Montour County. At a VOP hearing on February 3, 2025, upon hearing testimony from Lilley and sentencing recommendations from the Commonwealth and Lilley's counsel, the VOP court sentenced Lilley to twenty-four months' to seven years' incarceration to run consecutively to the sentence imposed in Union County. *See* Sentencing Order, 2/3/25. The VOP court did not advise Lilley, on the record, of his right to file a motion to modify his sentence. *See generally* N.T. VOP Hearing, 2/3/25. Lilley did not raise any objections at the time of sentencing or file a post-sentence motion.

Lilley filed a timely notice of appeal, and both he and the VOP court have complied with Pa.R.A.P. 1925. Lilley poses the following questions for our review:

> 1. Did the [t]rial [c]ourt's failure to follow the mandatory sentencing procedure codified at 42 Pa.C.S.[A.] § 9721(b) render Lilley's resulting sentence illegal?

> 2. Did the [t]rial [c]ourt abuse its discretion by sentencing Lilley [] to serve his twenty-four[-]month minimum sentence consecutively to his [months]-long sentence in Union County?

Appellant's Brief, at 8 (unpaginated).

Before addressing the merits of Lilley's appeal, we must determine whether it is properly before us. While Lilley contends that the VOP court's failure to state its sentencing rationale on the record renders the resulting sentence illegal, our case law makes clear that both of Lilley's arguments implicate discretionary aspects of his VOP sentence and, as such, are not appealable as of right.[3] *See Commonwealth v. Flowers*, 149 A.3d 867, 870 (Pa. Super. 2016) (challenge to sentencing court's failure to articulate reasons for sentence imposed is challenge to discretionary aspect of sentence). Thus, we may not exercise our discretion to review such issues unless we first determine that:

> (1) the appeal is timely; (2) [a]ppellant preserved his issue; (3) [a]ppellant's brief includes a concise statement[4] of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence[;] and (4) th[e] concise

---

[3] In his brief, Lilley concedes that the second issue he raises is a challenge to a discretionary aspect of sentencing. *See* Appellant's Brief, at 19. We agree. *See Commonwealth v. Bankes*, 286 A.3d 1302, 1305 (Pa. Super. 2022) (finding challenge to imposition of consecutive sentences concerns discretionary aspect of sentence).

[4] This refers to the concise statement required by Pa.R.A.P. 2119(f), which requires "[a]n appellant [challenging] the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). To avoid confusion, we will refer to this as Lilley's "Rule 2119(f) statement."

statement raises a substantial question that the sentences were inappropriate under the Sentencing Code.

*Id.* (citing *Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014)).

Lilley filed his appeal the same day he was sentenced. Therefore, his appeal is timely. Lilley did not, however, raise either issue presented in his appellate brief through an objection at the time of sentencing or in a post-sentence motion; instead, Lilley raised them for the first time in his Rule 1925(b) statement of errors complained of on appeal. *See Irwin Union Nat. Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1104 (Pa. Super. 2010) ("It is well settled that issues not raised below cannot be advanced for the first time in a [Rule] 1925(b) statement or on appeal").

Nevertheless, the VOP court did not advise Lilley on the record of his right to file a motion to modify sentence. Pennsylvania Rule of Criminal Procedure 708(D) requires, at the time of sentencing, that:

> (3) The judge shall advise the defendant on the record:
>
> (a) Of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal[.]

Pa.R.Crim.P. 708(D)(3)(a). Because of the VOP court's omission, we will not find waiver on that issue. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1251-52 (Pa. Super. 2006) ("We will not conclude that [a]ppellant forwent the opportunity to raise issues via post-sentence motions when the sentencing court did not tell him he could file such motions."). Lilley has included a

Pa.R.A.P. 2119(f) brief statement of reasons for allowance of appeal in his brief. **See** Appellant's Brief, at 34-40. Therefore, if Lilley's Rule 2119(f) raises a substantial question, we will proceed to review the merits of the discretionary sentencing issues Lilley raises. **See Malovich**, 903 A.2d at 1252.

An appellant raises a substantial question by advancing a plausible claim that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or contrary to fundamental norms underlying the sentencing process. **Id.** (citing **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004)). Here, Lilley claims that the sentencing court erred by (1) failing to state its sentencing rationale on the record at the time of sentencing as required by 42 Pa.C.S.A. § 9721 and (2) imposing "manifestly unreasonable" consecutive sentences when Lilley's offenses were not crimes of violence and he has no prior convictions for crimes of violence. **See** Appellant's Brief, at 23, 40.

Our case law makes clear that a claim that a court failed to state its sentencing rationale on the record at the time of sentencing raises a substantial question. **See Malovich**, 903 A.2d at 1253; **Commonwealth v. Dunphy**, 2 A.3d 1215, 1222 (Pa. Super. 2011) (claim that sentencing court failed to offer specific reasons for sentence raises substantial question). That leaves us the question of whether Lilley's challenge to the imposition of consecutive sentences raises a substantial question.

We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long[-]standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (citing *Commonwealth v. Graham*, [] 661 A.2d 1367, 1373 ([Pa.] 1995)). A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. "We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." [*Commonwealth v.*] *Hoag*, 665 A.2d [1212,] 1214 [(Pa. Super. 1995)]. However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in th[e] case." [*Commonwealth v.*] *Mastromarino*, 2 A.3d [581,] 588 [(Pa. Super. 2010)] (quoting *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa.[]Super.[]2010)).

*Commonwealth v. Zirkle*, 107 A.3d 127, 133-34 (Pa. Super. 2014) (some internal citations omitted).

Section 3804(c.2) of the Vehicle Code requires that

A sentence imposed upon an individual under this section who has two or more prior offenses[5] shall be served consecutively to any

_____

[5] Section 3806 of the Vehicle Code defines "prior offense" to mean "any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, . . . or other form of preliminary disposition before the sentencing on the present violation for[, *inter alia*,] an offense under section 3802[.]" 75 Pa.C.S.A. § 3806(a)(1); *see also Commonwealth v. Shifflett*, 335 A.3d 1158, 1178 (Pa. 2025) (holding unconstitutional consideration of acceptance into Accelerated Rehabilitative Disposition program as basis for enhanced sentence under section 3804). The
*(Footnote Continued Next Page)*

other sentence the individual is serving and to any other sentence being then imposed by the court, except for those with which the offense must merge as a matter of law.

75 Pa.C.S.A. § 3804(c.2). Because Lilley was an individual who had two or more prior offenses under section 3804, the VOP court was required to impose consecutive sentences for the DUI offenses. **See Commonwealth v. Kolesar**, 324 A.3d 578, 582 (Pa. Super. 2024). Thus, Lilley's claim that the VOP court erred in imposing manifestly unreasonable consecutive sentences does not raise a substantial question because the VOP court was statutorily mandated to impose a consecutive sentence. Therefore, we will proceed to review the merits of the appeal only with regard to the VOP court's failure to state its sentencing rationale on the record.

When an offender is resentenced following revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); **see also Flowers**, 149 A.3d at 875. Failure to comply with this requirement "shall be grounds for vacating the sentence or resentence and resentencing the defendant." **Id.** (quoting **Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa. Super. 2013)). Although "[a] sentencing court need not undertake a lengthy discourse for its

_____

prior offenses must have occurred within 10 years prior to or on or after the date of the offense for which the defendant is being sentenced. **Id.** at § 3806(b)(1)(i)-(ii). A review of Lilley's criminal record and the testimony at the VOP hearing shows that Lilley's DUI in Union County was his fifth such offense mean that Lilley is an "individual under [] section [3804] who has two or more prior offenses[.]" **See** N.T. VOP Hearing, 2/3/25, at 21.

reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Our review of the record shows that the VOP court failed to make a statement on the record of its reason or reasons for the sentence imposed. This is reversible error. *See Flowers*, 149 A.3d at 877. Accordingly, we must remand this matter to the VOP court for resentencing, at which time the VOP court shall comply with section 9721(b) of the Sentencing Code and articulate its rationale for the new sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Kunselman, J., Joins the Memorandum.

Stevens, PJE files a Dissenting Memorandum.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/16/2026</u>